In the Matter of the BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 1 OF THE TOWNS OF BETHLEHEM, COEYMANS AND NEW SCOTLAND, Petitioner, against LEWIS A. WILSON, as Acting Commissioner of Education of the State of New York, Respondent.

Supreme Court, Special Term, Albany County, June 22, 1949.

*Andrew Wright Lent* for petitioner.

*Charles A. Brind, Jr.,* for Lewis A. Wilson, as Acting Commissioner of Education of the State of New York, respondent.

*Hinman, Straub and Manning* for Board of Education of Union Free School District No. 1, Town of Coeymans, *amicus curiæ.*

BOOKSTEIN, J. Petitioner seeks an order under article 78 of the Civil Practice Act to vacate an order made September 22, 1948, by respondent Lewis A. Wilson, as Acting Commissioner of Education of the State of New York, staying the collection of school taxes on property of former North Coeymans Common School District No. 2 both in Union Free School District No. 1 of the Town of Coeymans and in Union Free School District No. 1 of the Towns of Bethlehem, Coeymans and New Scotland pending a determination as to which of said Union Free School Districts former North Coeymans Common School District No. 2 belongs.

It is claimed that petitioner was created on March 10, 1947, by the joint action of the lawful voters of nine former common school districts, of which former North Coeymans Common School District No. 2 was one; that on February 26, 1947, and after the calling of a meeting of the voters of the nine former common school districts to be held March 10, 1947, one Olin Bouck, the district superintendent of the supervisory district, made and signed an order under the provisions of section 1505 (former § 128) of the Education Law, dissolving said North Coeymans School District No. 2 and attaching the territory thereof to Union Free School District No. 1 of the Town of Coeymans, rather than to petitioner, which order provided that it should become effective on July 1, 1947; that pursuant to section 1505 of the Education Law an appeal was taken from the order of Bouck and the Albany County Judge on March 25, 1947, appointed a committee to review Bouck's order. The first hearing before this committee was held April 24, 1947, at which time the attorney for this petitioner, with Messrs. Thacher and Casey, as counsel, appeared for the appellants in that proceeding.

On May 19, 1947, petitioner's attorney in this proceeding on behalf of this petitioner commenced an action on this petitioner's behalf against the trustees of former North Coeymans School District No. 2 (for whom he had appeared before the committee appointed by the County Judge) to require them to pay over to petitioner all moneys in their hands as such trustees. Messrs. Thacher and Casey (who had appeared with the attorney for petitioner in this proceeding for said trustees before the committee appointed by the County Judge) appeared for such trustees in that action. The determination of that action necessarily involved a determination of the question of the validity of the aforesaid order of Bouck, i.e., the same basic question as is involved in this proceeding. It is claimed that neither by pleading, proof or otherwise was the attention of the court in that action called to the pending proceeding before the committee appointed by the Albany County Judge. The Supreme Court, on or about June 17, 1947, granted a judgment in this petitioner's aforesaid action which in effect declared invalid the aforesaid order of Bouck and adjudged that former Common School District No. 2 was a part of petitioner, Union Free School District.

The committee appointed by the County Judge filed its decision September 22, 1947, sustaining the aforesaid order of Bouck, a result diametrically opposite to that reached in the aforesaid Supreme Court action.

On October 11, 1947, former North Coeymans School District No. 2 met and authorized an appeal to the Commissioner of Education from the decision of the County Judge's committee, upholding Bouck's order.

On August 9, 1948, an oral argument of the appeal from the committee's decision was had before Acting Commissioner of Education Wilson and on September 22, 1948, Wilson made the order under review.

The Board of Education of Union Free School District No. 1, Town of Coeymans, which claims that former North Coeymans School District No. 2 is a part thereof, pursuant to the aforesaid Bouck order, appears in this proceeding, *amicus curiæ*, and claims that the judgment heretofore referred to is not entitled to weight either as *res judicata* or as *stare decisis*, since it was collusive; that the judgment was virtually a consent decree and that the real question to be determined therein was litigated only in form but not in fact; that the plaintiff and defendants therein were seeking the same result, in the form of a judicial declaration, without in reality presenting to the court the legal ques-

tions involved; and that such a contention is borne out by the fact that the same set of attorneys who, before the County Judge's committee, were seeking to upset Bouck's order, appeared as ostensible adversaries, one in the role of plaintiff's attorney and the other in the role of defendants' attorneys in the Supreme Court.

Petitioner alleges that Wilson was not acting commissioner when he made the order under review, which allegation is denied. No proof has been taken on that issue, as the question was never raised by the parties to the proceeding and it is seriously questionable that this petitioner can raise it in this proceeding.

The order under review stayed both petitioner and the *amicus curiæ* from collecting taxes on the property of former North Coeymans Common School District No. 2, pending the determination of the appeal to respondent from the determination of the County Judge's committee, affirming the order of Bouck. The appellants in that proceeding were the defendants in the Supreme Court action. They invoked the jurisdiction of the respondent. The Supreme Court judgment against them gave them precisely the ultimate relief which they sought by taking the appeal to the respondent after the rendition of that judgment. However, petitioner asserts it was not a party to that proceeding and hence no valid stay could be issued against it. If the stay is invalid, petitioner may ignore it, without the necessity of any order of this court vacating it. In the present status of the matter, the question seems to be an academic one.

Petitioner further seeks an order of prohibition against respondent from determining the appeal before him. In petitioner's brief it indicates that what it really seeks is an order prohibiting respondent from making any determination which is contrary to the judgment in the aforesaid Supreme Court action. In reality, what petitioner seeks is that this court should in advance of respondent's determination of the appeal pending before him, limit respondent in the questions to be determined by him and to instruct respondent that the judgment of the Supreme Court is *res judicata* or *stare decisis* on the question of the validity and effect of the Bouck order.

The Education Law expressly provides for the method of review of an order such as was here made by Bouck; and that method has been followed by the aggrieved parties. It is not the province of an order of prohibition to indicate, to a person or body having jurisdiction of the subject matter of a proceeding before it, the scope of his or its determination or to give gratui-

tous advice as to the effect that he or it should give to the determination of another judicial body. This court must assume that respondent will perform his duty. If the ultimate determination is the same as that of the Supreme Court, petitioner will certainly have no cause for complaint. If it differs, then, while petitioner may complain, such complaint would not be the result of any lack of jurisdiction on the part of respondent or of any acts in excess of jurisdiction. If, in such event, petitioner's complaint is justified, it would be only because such determination is either erroneous or in conflict with the aforesaid judgment of the Supreme Court. The existence of such a conflict would be the result of the Supreme Court action being instituted, while the regular proceedings prescribed by the Education Law were still being followed and before their completion.

In view of the conclusion reached, the question of whether the Supreme Court judgment is *res judicata* or is entitled to be regarded as *stare decisis,* is academic.

That issue can be met if and when the occasion arises. The relief sought herein is not the occasion for it. '' Sufficient unto the day is the evil thereof.''

The petition is dismissed.