In the Matter of EDWARD H. GIBBS, Appellant, against WILLIAM J. WALLIN et al., Constituting the Board of Regents of the University of the State of New York, et al., Respondents.

Third Department, November 20, 1953.

*Earl E. Keyes* for appellant.

*Nathaniel L. Goldstein, Attorney-General (Henry S. Manley and Wendell P. Brown* of counsel), for respondents.

*Per Curiam.* Appeal from an order of the Supreme Court, Albany County Special Term, which denied appellant's application for an order in the nature of prohibition.

The petitioner, who was a physician, seeks to restrain the respondents, the Board of Regents and its Grievance Committee, from holding a hearing upon charges which include an allegation of his insanity. He was charged with being a drug addict; with being guilty of fraud and deceit in the practice of medicine; and also as suffering from a mental affliction or illness as a result of which he has become insane. Subdivision 2 of section 6514 of the Education Law provides for the revocation of a physician's license where he has been found guilty of fraud and deceit in the practice of medicine, or when he is a drug addict or has become insane. Appellant asserts that this section, insofar as it authorizes respondents to determine an issue of insanity, is unconstitutional. It is his contention that such an issue can only be determined in some strictly judicial forum of the State.

Prohibition is an extraordinary remedy which should only be resorted to when there is no other appropriate remedy. It may be pointed out that subdivision 5 of section 6515 of the Education Law expressly provides for a review of any disciplinary determination of respondents by certiorari, and the issue of constitutionality, which appellant raises here, may be determined in such a proceeding as well as all other issues. Above and beyond that proposition, however, it is our opinion that the statute in question is constitutional. We think the Legislature had power to authorize respondents to determine an issue of insanity with relation to the right of a physician to practice medicine. An adjudication of respondents on that issue could only be effective for that purpose, and could not otherwise affect appellant's personal or property rights. Within that limitation, the statute does not deny due process and is not repugnant to any provision of either the State or Federal Constitution.

The order should be affirmed on the law and in the exercise of discretion and the application for a stay denied, without costs.

FOSTER, P. J., BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Order affirmed, on the law and in the exercise of discretion, and the application for stay denied, without costs.