Joseph M. Conroy, J.
Petitioner Robert Battipaglia was elected chairman of the Executive Committee of the Democratic County Committee of the County of Queens, on September 9,1958. On April 7,1959, a majority of said executive committee petitioned Mr. Battipaglia to call a meeting of said committee *223 “ for the purpose of recommending for designation and designating candidates for nomination of the Democratic Party of the County of Queens * * * to be voted for at the primary election to be held on the 15th day of September, 1959 ” for the offices of President of the Borough of Queens and District Attorney, Queens County. When he failed to call such meeting within 15 days after the service of said petition upon him, respondent John J. O’Brien, as the first vice-chairman of said executive committee, caused a notice of such meeting to be issued and served, pursuant to subdivision 2 of rule X of the Bules and Regulations of the Democratic County Committee of the County of Queens adopted on August 28, 1958.
This meeting was held on April 30,1959 at which time Honorable John T. Clancy and Honorable Frank D. O’Connor were recommended for designation as candidates for the offices of Borough President and District Attorney of Queens County, respectively, to be voted upon at the primary election to be held on September 15, 1959.
On the same day — April 30, 1959 — a majority of the executive committee petitioned Mr. Battipaglia to call a meeting of said committee to be held on May 25,1959 ‘ ‘ for the purpose of withdrawing from Honorable Robert Battipaglia all rights, privileges, powers and duties possessed and exercised by him as Chairman of the Executive Committee of the Democratic County Committee of the County of Queens.” Again, when Mr. Battipaglia failed to call such meeting within 15 days after the service of the petition upon him, respondent John J. O’Brien, as the first vice-chairman of the executive committee, caused a notice of such meeting to be issued and served pursuant to subdivision 2 of rule X of the aforesaid rules and regulations.
This meeting was held on May 25,1959 at which time a resolution was adopted withdrawing from Mr. Battipaglia ‘ ‘ all rights, privileges, powers and duties possessed and exercised by him as such Chairman, and that all rights, privileges, powers and duties possessed and exercised by Robert Battipaglia as Chairman of the Executive Committee of the Democratic County Committee of the County of Queens, be revoked, voided and cancelled.”
At neither the meeting held on April 30, 1959 nor that held on May 25,1959 were petitioners Battipaglia, Tessler and Smith (who alone are admitted by the answer to be members of the executive committee) present. Of the 34 members of the executive committee who were present at the meeting held on May 25,1959, 33 voted for the adoption of the resolution and one did not vote, Twenty-two were absent. At this meeting a further *224 resolution was adopted by the same vote, ‘ ‘ that pending further action by the Executive Committee, John J. O’Brien, as 1st Vice Chairman of the Executive Committee of the Democratic County Committee of the County of Queens, be empowered to call regular or special meetings of the Executive Committee in the place and stead of Robert Battipaglia and that John J. O’Brien continue to be empowered to call regular or special meetings of the Executive Committee until this power is revoked by the Executive Committee.”
On June 9, 1959 a majority of the executive committee petitioned respondent O’Brien as first vice-chairman of such committee to call a meeting thereof to be held on June 17, 1959, “ for the purpose of hearing and determining the charges against Robert Battipaglia, as Chairman of the said Executive Committee, copy of which charges are hereto annexed and upon a finding sustaining such charges, to consider the request therein contained for thq removal of said Robert Battipaglia, as Chairman of said Executive Committee, and for the consideration of such other and further business as may properly come before the meeting.” On June 10, 1959 respondent John J. O’Brien, as first vice-chairman, and respondent, Sidney Leviss, as secretary, issued and caused to be mailed a notice of meeting of the executive committee to be held on June 17, 1959.
This proceeding for an order pursuant to article 78 of the Civil Practice Act was brought by Mr. Battipaglia, two members of the executive committee and three members of the county committee against the executive committee and the county committee by their treasurer and John J. O’Brien and Sidney Leviss, respectively the first vice-chairman and secretary of the executive committee of the Democratic County Committee of the County of Queens, for an order:
“ 1. Vacating, setting aside and/or annulling the Petition, dated the 9th day of June, 1959;
“2. Vacating, setting aside and/or annulling the Meeting Call, dated the 10th day of June, 1959;
“ 3. Restraining the respondents and each of them from assembling, convening or organizing the meeting scheduled or to be scheduled, pursuant to the Meeting Call, dated the 10th day of June, 1959;
u 4. For such other, further and different relief as may seem just, proper and equitable in the premises.”
It is the contention of the petitioners that the meeting of the executive committee for June 17, 1959 could not validly be called without first petitioning Robert Battipaglia as chairman to call such meeting, and upon his failure to do so within the *225 prescribed time when the vice-chairman or any other officer of the executive committee could call the meeting.
It is the position of the respondents that serving a demand upon Mr. Battipaglia to call a meeting of the executive committee would have been futile since all his rights, privileges, powers and duties as chairman of the executive committee had been revoked, voided and cancelled by the executive committee at its meeting held on May 25, 1959, and said committee had expressly given to the respondent O ’Brien, as first vice-chairman of such committee, the power to call regular or special meetings thereof until this power be revoked by the executive committee.
Respondents urge, in their brief, that the removal of the rights, privileges, powers and duties of Mr. Battipaglia as chairman of the executive committee was effectuated under the provisions of subdivision 5 of rule X of the Rules and Regulations of the Democratic County Committee, which in pertinent part read as follows: ‘ ‘ The Chairman of the Executive Committee, when the Executive Committee is not in session, shall have, possess and exercise all rights, privileges, powers and duties of said. Committee, and such other rights, powers and duties as may hereafter be granted to him and these may only be withdrawn after the majority vote of all the Executive Members in meeting assembled.”
The court has serious doubt that the foregoing empowered the executive committee to strip Mr. Battipaglia of his rights, privileges, powers and duties as chairman, as distinguished from those of the executive committee that he was empowered to exercise when it was not in session. Nevertheless, the court is constrained to dismiss the petition. Clearly, this article 78 proceeding seeks an order in the nature of prohibition. In this State such an extraordinary remedy has been employed to restrain subordinate courts and inferior judicial tribunals from entertaining a cause or proceeding over which they had no jurisdiction (Matter of Colin v. Appellate Division of Sup. Ct., 3 A D 2d 682) when there is no other appropriate remedy. (Matter of Gibbs v. Wallin, 282 App. Div. 578.) It is stated in CarmodyWait, New York Practice (Yol. 22, § 213, pp. 322-323): “ Prohibition is, in effect, an injunction against a court, as contrasted with an injunction proper, which is granted against persons or corporations.”
The petition is, accordingly, dismissed and the stay vacated. Submit order.