John P. Donohoe, J.
This petition for a judgment, pursuant to subdivision (b) of CPLR 7503, staying arbitration between *596 petitioner and Poughkeepsie Public School Teachers Association (Association) upon the grounds that (1) the arbitration agreement between the parties has not been complied with, (2) the claim sought to be arbitrated is barred by limitation of time under subdivision (b) of CPLR 7502, and (3) arbitration has been waived and abandoned by the institution and prosecution of an appeal to the New York Commissioner of Education pursuant to section 310 of the Education Law, is granted to the extent that such judgment is granted against the Poughkeepsie Public School Teachers Association, Inc. as substituted respondent only, and is in all othe respects denied.
During the pendency of this proceeding-under article 75 of the CPLR, the original named respondent G. Frederick Ott, was dropped and the respondent Poughkeepsie Public School Teachers Association, Inc. was substituted, pursuant to the order of this court dated September 11,1972, on motion of the petitioner, to which the respondent consented.
This proceeding was brought to stay the arbitration of a labor dispute. The dispute involves a teacher in the Poughkeepsie City School District who applied for appointment to fill a vacancy in a first grade teaching position. The Board of Education denied her application. The Association then initiated grievance procedures, alleging violation of the contract, under the collective bargaining agreement which was in effect between the parties. These procedures were prosecuted through the stages which the agreement prescribed. The teacher did not receive the desired redress and in June, 1972, the Association filed a notice of arbitration with the clerk of the board and with the American Arbitration Association.
In April, 1972, the Association instituted an appeal from the administrative determination in the grievance procedure to the Commissioner of Education under section 310 of the Education Law. This appeal came on for argument some three days after the school district had been served with the notice of arbitration. The teacher participated in the argument of the appeal before the Commissioner and, by some procedure which has not been made clear, withdrew before the end of the argument. The matter is now pending before the Commissioner of Education for his decision.
This state of facts quite obviously presents the question of election of remedies. Petitioner argues that the respondent elected the administrative remedy by prosecuting the appeal from the decision of the Board of Education to the Commissioner *597 of Education and thereby waived any right which it had to demand arbitration.
The respondent resists this argument by urging that (1) the parties are different, in that the teacher alone prosecuted the appeal to the Commissioner while the Association instituted the arbitration; (2) the issues are different, in that the demand for arbitration “ is based on contract rights of the Association and not on the legal rights of Raylene Shayo ” (the teacher).
The sophistries in which the respondent indulges to escape the consequences of having elected a remedy exhibit distinctions without differences.
Boiled down to its merits, this dispute involves a teachers’ association taking up a teacher’s cause and then trying to repudiate its representative capacity in order to obtain separate determinations of the same controversy.
It is surprising that counsel, who are the attorneys for the New York State Teachers Association, urge this position when the same attorneys prosecuted the teacher’s cause in both proceedings.
The respondent made a choice of remedies in pursuing its appeal to the Commissioner of Education. It is bound by its choice. (Matter of United Paper Mach. Corp. [Di Carlo], 19 A D 2d 143, affd. 14 N Y 2d 814.)