James P. 0 ’Donnell, J.
A show cause order has been brought on before this court, in which the petitioner, the Board of Supervisors of the County of Jefferson, seeks relief under article 78 of the CPLR. The nature of this petition is grounded in prohibition.
The Faculty Association of Jefferson Community College filed an improper practice charge with the New York State Public Employment Relations Board, herein referred to as “ PERB ”, against the Jefferson County Board of Supervisors, in that they allege that the Board of Supervisors refused to honor a contract entered into by the parties and that they refuse to negotiate with the Faculty Association and that they have unilaterally violated an article of the contract by altering provisions of the contract, without first obtaining the mutual agreement in writing of the respondent, Faculty Association. It is the contention of the petitioner that PERB lacks jurisdiction in this matter and that it is a simple contract dispute between the Fáculty Association and the board. PERB entertained the charge and served notice upon the County Board to meet with their representatives in a prehearing conference on September 29, 1972. Thereafter, a notice of hearing was served upon *411 the board scheduled for November 9,1972 to determine whether PERB had jurisdiction in the complaint charged.
A cross motion was made by PERB seeking to dismiss the petition and raised a point of law pursuant to CPLR 7804 on the grounds that it fails to state a cause of action and that it is premature and that the petitioner has not exhausted its administrative remedy.
It appears from the facts in this case that the board of trustees of the Community College awarded merit increases in salary to a certain number of instructors and employees of the college and when the budget of the college was submitted, the Board of Supervisors would only appropriate funds for 50% of the increments.
•This court will not go into the merits of the dispute, but will address itself to the moving papers before it. The law is well settled in this ¡State that the party must exhaust their administrative remedy before resorting to an article 78 proceeding in the Supreme Court. In 1969, the Legislature enacted section 209-a (subd. 1, par. [a]) of the Civil Service Law making it an improper practice for a public employer to interfere, etc. with public employees, et al. Section 205 (subd. 5, par. [d]) of the Civil Service Law declared that PERB shall exercise exclusive nondelegable jurisdiction of the powers granted to it by this paragraph. (Matter of City of Albany v. Helsby, 29 N Y 2d 433.)
The case at bar is very similar to the Matter of Allen v. Kelley case (191 Misc. 762, affd. 273 App. Div. 963), in which the petitioners brought an article 78 proceeding to restrain the State Labor Relations Board from entertaining unfair labor practices. In that case the court held that the board should be permitted to hold their hearings and the court would not interfere until the administrative remedy had been exhausted. This particular proceeding is in the nature of' prohibition and prohibition is an extraordinary remedy to be invoked only to restrain the exercise of an unauthorized jurisdiction and is not available to prevent possible error, which may be corrected on appeal. (Matter of Greater N. Y. Corp. of Seventh Day Adventists v. Commission on Human Rights of City of N. Y., 27 N Y 2d 898.)
The petitioner’s, Board of Supervisors of Jefferson County, motion to be and hereby is dismissed and the respondent’s, New York State Public Employment Relations Board, motion for dismissal is granted, upon the grounds that the parties have not exhausted the administrative remedies and that the matter is before the court prematurely.
*412 The stay order contained in the order of the Hon. Henry A. Hudson, dated and signed September 27, 1972 be and hereby' is vacated.