■ In the Matter of the Arbitration between CITY SCHOOL DISTRICT OF THE CITY OF POUGHKEEPSIE, Respondent, and POUGHKEEPSIE PUBLIC SCHOOL TEACHERS ASSOCIATION, INC., Appellant.— In a proceeding pursuant to article 75 of the CPLR (1) to stay arbitration between petitioner and Poughkeepsie Public School Teachers' Association, and (2) for related relief, the appeal is from a judgment entered on October 27, 1972, in the Supreme Court, Dutchess County, granting petitioner's application to the extent of directing that such arbitration be permanently stayed. Judgment reversed, on the law, with $20 costs and disbursements, petition dismissed, and matter remanded to arbitration for proceedings consistent with the views set forth herein. After one Raylene Shayo was refused an appointment to a particular teaching position by petitioner School District, appellant Teachers' Association, of which she was a member, instituted a grievance pursuant to the grievance procedure outlined in the parties' collective bargaining agreement, alleging a breach of that contract and seeking to have Mrs. Shayo appointed as she had desired to be. Almost simultaneously, Mrs. Shayo, represented by appellant's attorneys, commenced an appeal pursuant to section 310 of the Education Law, alleging both a breach of her contract rights as well as violation of her statutory rights under section 2510 of the Education Law. Later, on oral argument before the Commissioner of Education, that portion of Mrs. Shayo's appeal which dealt with the alleged breach of contract was withdrawn, and, subsequently, the Commissioner of Education decided Mrs. Shayo's appeal, holding that there had been no violation of her statutory rights. Prior to the publication of the decision of the Commissioner of Education, while the appeal was *sub judice,* appellant Association unavailingly proceeded through the first three steps of the grievance procedure outlined in the parties' collective bargaining agreement, each trier of the issues withholding his decision pending the determination of Mrs. Shayo's appeal. Finally, appellant served a notice of intention to

arbitrate, in accordance with the fourth and final step in the grievance procedure. Thereupon, the instant application to stay arbitration was made by petitioner School District. Upon consideration of the facts, it was the Special Term's determination that, in effect, appellant and Mrs. Shayo constituted a single party in interest, and that, since Mrs. Shayo had prosecuted her appeal before the Commissioner of Education with the appellant's aid, appellant was deemed to have waived any right it might have had to arbitrate under the collective bargaining agreement's provisions. We think this was error. The collective bargaining agreement between the parties hereto specifically endowed appellant with the right to maintain a grievance on its own behalf. We think that such right is necessary to the proper function and maintenance of the collective bargaining agreement by appellant. Furthermore, the issues raised on the appeal, and rejected by the Commissioner of Education, are separate and distinct from those sought to be raised before the arbitrator by the appellant. Considering these facts, we conclude that the two proceedings and the parties instituting them are each distinct entities and that Special Term erred in its ruling. The only authority cited by Special Term to support its decision was *Matter of United Paper Mach. Corp.* [*Di Carlo*] (19 A D 2d 143, affd. 14 N Y 2d 814). We do not agree that this case dictates the result reached by Special Term. It is factually distinguishable and, therefore, inapplicable. (See, *Matter of Weinrott* [*Carp.*], 32 N Y 2d 190.)  Munder, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur. [71 Misc 2d 595.]