Stewart F. Hancock, Jr., J.
Respondent, the New York State Commissioner of Environmental Conservation, has moved pursuant to subdivision (f) of CPLR 7804 to dismiss the petition which seeks an order prohibiting respondent from holding a duly scheduled public hearing. The stated purpose of the hearing is to receive evidence relevant to the proposed modification of certain prior orders made by the Commissioner relating to pollution abatement in the Village of Camillus and particularly sewage discharge into the waters of Nine Mile Creek.
It is undisputed that the Commissioner has been granted by statute the administrative jurisdiction to abate and prevent the pollution of waters of the State (Environmental Conservation Law, § 17-0303, subd. 2); and to “make, modify or cancel orders requiring the discontinuance of the discharge of sewage, industrial waste or other wastes into any waters of the state * # * and specifying the conditions and time within which
such discontinuance must be accomplished” (Environmental Conservation Law, § 17-0303, subd. 4, par. b; emphasis supplied) ; and to hold public hearings and to receive all pertinent and relevant proof with respect to such pollution abatement orders (Environmental Conservation Law, § 17-0303, subd. 4, par. a).
Orders made by the Commissioner pursuant to section 17-0303 of the Environmental Conservation Law, including any modification order that might result from the proposed hearing, are by statute subject to review in a writ of certiorari pursuant to article 78 of the CPLR (Environmental Conservation Law, § 17-0909, subd. 2; see Matter of Village of Whitehall v. Ingraham, 31 A D 2d 894).
A writ of prohibition is not a proper remedy where, as here, any order or decision of the Commissioner that may be made in the matter is reviewable in a certiorari proceeding (Matter of Schuyler v. State Univ., 31 A D 2d 273; Matter of Harris *321 Motors v. Klapp, 296 N. Y. 242; Matter of Kent, 20 Misc 2d 923; Matter of City of New York v. Maltbie, 248 App. Div. 36, affd. 274 N. Y. 464). As stated by the Appellate Division in Matter of City of New York v. Maltbie (supra, p. 38) prohibition “is not favored by the courts, and is never issued as a matter of right, but only in a sound discretion when there is no other remedy; it is not given for the correction of errors, but only to prevent usurpation of jurisdiction, or the exercise of power in an illegal manner or beyond the jurisdiction conferred; and it will be granted only in extreme necessity when the grievance cannot be redressed by the ordinary proceedings at law, in equity, or by appeal. (People ex rel. Livingston v. Wyatt, 186 N. Y. 383, 393; People ex rel. Childs v. Extraordinary Trial Term, 228 id. 463, 468; People ex rel. Cuvillier v. Hagarty, 238 id. 621.)”
Furthermore, assuming for the purposes of this motion the truth of the allegations in the petition, it must be held insufficient on its face in that there is no showing of extreme necessity for the order or that petitioners will suffer any irreparable injury if the hearing is not prohibited (Matter of Brandenburg v. Court of Gen. Sessions, 189 Misc. 4, affd. 272 App. Div. 1013. See, also, Matter of Greater N. Y. Corp. of Seventh Ray Adventists v. Commission on Human Bights, 27 N Y 2d 898; Matter of Hodes v. Helman, 19 A D 2d 603; Matter of Richardson v. Hudson, 9 A D 2d 861). Instead, the petition sets forth facts and arguments dealing with the question of whether the respondent’s prior order of October 4, 1972 can or should be modified including whether the Commissioner is bound by it as a “duly executed contract ” and thereby precluded from making any modification. Such contentions and the evidence relating thereto may be offered at the hearing, made part of the record, and judicially reviewed, if petitioners are so minded, pursuant to subdivision 2 of section 17-0909 of the Environmental Conservation Law and article 78 of the CPLB.
The Commissioner, even if in some way limited by the prior order of October 4, 1972, as contended, could not legally have divested himself of the jurisdiction and power specifically granted to him by the Legislature to hold the hearing in question and to take .such action in the matter as may be legal and proper. (Matter of Rochester Tr. Corp. v. Public Serv. Comm., 271 App. Div. 406, 411, mot. for Iv. to app. den. 296 N. Y. 1061. See Matter of Campo Corp. v. Feinberg, 279 App. Div. 302, affd. without opn. 303 N. Y. 995, holding that the Public Service Commission could not legally be estopped by its prior acquies *322 cence and inconsistent conduct from exercising its statutory authority to regulate practices and rate classifications of public utilities; and see, also, Matter of Richardson Employment Agency v. New York State Division of Human Rights, 40 A D 2d 585.)
Since no facts are shown which would warrant the granting of the relief requested, even in the exercise of the court’s discretion, the motion is granted.