James Gibson, J.
(1) Proceeding under article 78 of the CPLR to stay an improper practice proceeding (Civil Service Law, § 209-a) pending before respondent Public Employment Relations Board.
(2) Motion by respondent board to dismiss the petition upon objections in point of law (.CPLR 7804, subd. [f]) upon the grounds that the petition fails to state a cause of action, that the proceeding is premature and that petitioner has not exhausted its administrative remedies.
The collective bargaining agreement between petitioner district and respondent Administrators Association covered the period July 1,1971 to June 30,1972 but was to continue in effect “ from year to year thereafter, subject to an annual reopening ” upon notice :by either party given by February 1 in any year, negotiations to thereupon proceed promptly and any resultant amendments to take effect July 1 or at some other mutually agreeable date. Under the agreement, the compensation of the administrative personnel was keyed by a stated formula to that paid the teachers in the district. On January 1, 1973, the district gave notice of reopening and bargaining commenced but resulted in no agreement. The Association acceded to the reopening, noting its contention that, until a revised contract should be ratified, the existing contract would remain in effect. While these negotiations were pending, the teachers obtained a new employment contract for 1973/1974 but the paychecks issued to the administrators on October 26, 1973 did not include increments such as were then due under the teachers’ newly negotiated contract; and which, in respondent association’s view, had thereby become due the administrators under the clause of their continuing contract keying their compensation to that of the teachers. It was upon these facts that the association charged petitioner district with engaging in an improper practice *474 within the meaning of paragraphs (a) and (d) of subdivision 1 of section 209-a of the Civil Service Law, the association’s complaint alleging a ‘£ unilateral change in the terms and conditions of employment by the [Board of Education] during the course of negotiations between the parties.”*
It is in this factual setting that petitioner seeks article 78 relief, in the ■ nature of prohibition, £ £ staying the improper practice proceeding * * * on the ground that the * *• * Board is proceeding in excess of its jurisdiction in that the improper practice charge is in the nature of a contract dispute * * * and the * * * Board has no jurisdiction or authority to hear contract disputes under Section 209 (a) [sic]. of the Civil Service Law.” As particularized in paragraph 7-of the petition, the £ ‘ contract dispute” and the ££ contract interpretation ” asserted by the District involve the sole question' whether the District’s new agreement with the teachers with respect to increments ‘ ‘ inured to the benefit óf the administrators by virtue of Article XVI of the administrative contract.”
The board’s regulation 204.2 provides that as part of the ‘ ‘ initial processing ” of a charge, it will first be determined ££ whether the facts as alleged may constitute an improper practice as set forth in section 209-a of the Act. ’ ’ That the board shall in the first instance pass upon this threshold question is not only reasonable but necessary. It is equally clear that orderly procedure and the expeditious processing so essential to the effective administration of the statute may properly be completed without repetitious applications to the court; and tiiat judicial review of the preliminary actions taken may properly await the board’s decision and order (§ 204.14). There is nothing new or unusual in such unfettered administrative procedures in the initial stages; and, certainly, there exists no constitutional or statutory barrier to the postponement of judicial review of these preliminary determinations until the complete record shall be before the court. The right of the administrative agency to take proof and determine “ in the first *475 instance ” just such a threshold question — arising upon the employer’s claim that it was engaged in interstate commerce and hence that the National Labor Relations Board had exclusive jurisdiction of the unfair labor practice charge — was recognized in Matter of Allen v. Kelley (191 Misc. 762, affd. 273 App. Div. 963, app. dsmd. 302 N. Y. 601) in which the Special Term (p. 764) sustained the respondent board’s contention “ that 1 until the evidence pro and con has been submitted to the Board at the mandatory hearing, and until the Board has had an opportunity to consider it, the Board can make no finding on that question.’ ” The Allen court cited and quoted Myers v. Bethlehem Corp. (303 U. S. 41, 50-51) in which it was said: “ The [employer’s] contention is at war with the long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. That rule has been repeatedly acted on in cases where, as here, the contention is made that the administrative body lacked power over the subject matter.” Both apposite and convincing is the opinion of Mr. Justice O’Donnell, sitting at Special Term in Jefferson County, which denied to petitioner the ‘ ‘ extraordinary remedy ’ ’ of prohibition to bar the hearing by the Public Employment Relations Board of an improper practice charge arising out of a wage dispute concerning which the employer contended (as does the employer here) that the Board was without jurisdiction to entertain a charge arising out of a “ simple contract dispute ’ ’ (Matter of Board of Supervisors of County of Jefferson v. Faculty Assn. of Jefferson Community Coll., 77 Misc 2d 409).
Motion to dismiss petition granted, without costs.

 The cited statutory provisions are: “ It shall be an improper practice for a public employer or its agents deliberately (a) to interfere with, restrain or coerce public employees in the exercise of their rights guaranteed in section two hundred two for the purpose of depriving them of such rights * • * or (d) to refuse to negotiate in good faith with the duly recognized or certified representatives of its public employees.” The board’s regulations (4 NYCRR 204.1-204.14) provide a number of preliminary procedural steps which seem to assure protection to both parties to the dispute and all of which steps must-be completed favorably to complainant before the finál formal hearing stage' shall be reached.