Leon D. Lazer, J.
In this article 78 proceeding, the petitioner, Central School District No. 12, Middle Island (the "district”), seeks judgment staying the Middle Island Teacher’s Association (the "association”), the New York Public Employment Relations Board ("PERB”) and Alice Barren (the "teacher”) from taking further action with respect to an improper employer practice charge now pending before PERB which has been filed by the association and the teacher. PERB has moved pursuant to CPLR 7804(subd [f]) for judgment dismissing the proceeding in point of law.
The underlying dispute in this proceeding originated at the end of the 1973-1974 school year when the district, acting pursuant to a resolution adopted in 1964 which provided for compulsory retirement at age 70, requested the teacher’s resignation. The teacher thereupon commenced an article 78 *671 proceeding in which she argued that compulsory retirement of a tenured teacher was a violation of the Education Law, the district’s collective bargaining agreement with the association and the Fourteenth Amendment. These contentions were rejected by Mr. Justice Tasker of this court who dismissed the petition on the merits but an appeal from his judgment is pending. Thereafter, an attempt by the teacher and the association to obtain arbitration of the dispute under the grievance machinery contained in the bargaining agreement was stayed by order of Mr. Justice Lipetz on the ground that the issues had been rendered res judicata by the dismissal of the earlier article 78 proceeding. In its current petition, the district asserts that the proceeding in which the respondent association and teacher seek a determination from PERB that the district engaged in an improper employer practice (Civil Service Law, § 209-a) by refusing to negotiate the issue of mandatory retirement should be stayed because the issues are res judicata and on the additional ground that the association and the teacher elected their remedy when the teacher (represented by the same attorney who now represents both the association and the teacher) instituted the prior article 78 proceeding. In its motion to dismiss, PERB argues that the petition fails to state a cause of action, the district has not exhausted its administrative remedy, and that the proceeding is premature.
The relief sought by the district is in the nature of a writ of prohibition, a remedy not favored by the courts and never issued as a matter of right but only in the sound discretion of the court in clear-cut situations where there is no other remedy (Matter of Schuyler v State Univ. of N. Y. at Albany, 31 AD2d 273) and where the petitioner will suffer irreparable injury should the hearing not be prohibited (Village of Camillus v Diamond, 76 Misc 2d 319). A writ of prohibition is not a proper remedy where any order or decision which may be made in the matter is reviewable in a certiorari proceeding (Matter of Allen v Kelley, 191 Misc 762, affd 273 App Div 963; Matter of Gibbs v Wallin, 282 App Div 578; Village of Camillus v Diamond, supra). Furthermore, although prohibition is available in those cases where a tribunal is acting or threatening to act in a matter over which it has no subject matter jurisdiction or where it exceeds its authorized power in a proceeding over which it has jurisdiction (Matter of State of New York v King, 36 NY2d 59), it is not available merely to correct alleged errors or to prevent prospective error where *672 the tribunal has subject matter jurisdiction (Matter of Ronan v Brown, 35 AD2d 959; Matter of Lawrence v Supreme Court of State of N.Y., 24 AD2d 849), even where it is assumed that jurisdiction will be exercised erroneously (Matter of Gifts by Wire v Bruckman, 253 App Div 350). Errors of law, which may be verbalized incorrectly as excesses of jurisdiction or power, are not to be confused with a proper basis for using the extraordinary writ (Matter of State of New York v King, supra). A court may not by an order of prohibition give gratuitous advice as to the effect an administrative agency which has subject matter jurisdiction should give to a determination made by a judicial body (Matter of Board of Educ., 195 Misc 572).
Application of these principles to the instant case supports PERB’s contention that the proceeding before this court is premature. A final determination rendered by PERB upon a charge that an employer has refused to negotiate in good faith (Civil Service Law, § 209-a, subd 1) is reviewable in an article 78 proceeding (Civil Service Law, § 213), and there exists no constitutional or statutory barrier to the postponement of judicial review of a proceeding before PERB until the complete record shall be before the court (Matter of Wappingers Cent. School Dist. v P.E.R.B., 77 Misc 2d 472). The district has made no effort to show that it will suffer irreparable injury should the proceeding not be prohibited or that there is any extraordinary necessity for the remedy of prohibition. Instead, it relies on the contention that prohibition is appropriate because the issues before PERB are res judicata and the other respondents earlier elected their remedy. The district does not deny that PERB has jurisdiction over charges of improper employer practices (Civil Service Law, § 209-a, subd 1) and that such jurisdiction is exclusive and nondelegable (Civil Service Law, § 205, subd 5, par [d]). Neither does it controvert the very obvious corollary of such jurisdictional exclusivity— that a court may not act in matters in which exclusive jurisdiction is validly conferred upon an administrative tribunal (Central Hudson Gas & Elec. Corp. v Napoletano, 277 App Div 441).
The unavailability of the prohibition remedy is not the only reason why this petition must fail for prematurity. If the issues before PERB are res judicata, as claimed by the petitioner, then either the court in the earlier article 78 proceed *673 ing exceeded its jurisdiction and determined the respondents’ charge that the district failed to negotiate in good faith or it must be assumed PERB will attempt to determine issues already decided in the judicial forum. The memorandum opinion in the earlier article 78 proceeding indicates that the court dealt only with the question of statutory, constitutional and contract violations. It did not touch upon the issues presented by respondents’ current charge of improper labor practice arising from an alleged failure to negotiate. The district’s contention that the contract precludes further negotiation during its term raises an issue for PERB to decide with respect to its jurisdiction (cf. Matter of Jefferson County Bd. of Supervisors v P.E.R.B., 44 AD2d 893; Matter of Wappingers Cent. School Dist. v P.E.R.B., supra) but that issue is not only not res judicata but is a matter to be considered in the first instance at the administrative level (Allen v Kelley, supra; Allstrom v Lorenz, 198 Misc 970; see, also, Matter of Jefferson County Bd. of Supervisors v P.E.R.B., supra; Matter of Wappingers Cent. School Dist. v P.E.R.B., supra). The matter of the lack of identity of the issues in the prior article 78 proceeding and the charge pending before PERB also goes to the question of election of remedies. That doctrine might be applicable had Mr. Justice Tasker determined the particular issue currently before PERB (cf. Board of Educ., Union Free School Dist. No. 3, Town of Huntington v Associated Teachers of Huntington, 30 NY2d 122; Matter of Hibbert v New York City Tr. Auth., 28 AD2d 1139) particularly since the same attorney has represented both the respondent teacher and the association (see Matter of City School Dist. of City of Poughkeepsie [Ott], 71 Misc 2d 595). However, since the improper practice charge was not (and could not have been) determined in the earlier proceeding, neither the respondent teacher nor the association may now be precluded from filing such a charge (cf. Eberwein v Board of Educ. of City School Dist. of City of North Tonawanda, 43 AD2d 901; Cluett, Peabody & Co. v State Div. of Human Rights, 59 Misc 2d 536). Clearly, the respondents might consistently prevail in the one and not in the other (cf. Matter of Board of Educ. of Syracuse City School Dist. v State Div. of Human Rights, 38 AD2d 245, affd 33 NY2d 946).
The motion to dismiss the petition is granted.