687 P.2d 587

**Raymond P. FISCHER, and Jacqueline Fischer, husband and wife, Plaintiffs-Appellants,**

v.

**SEARS, ROEBUCK AND CO., a New York corporation, Defendant-Respondent.**

No. 14648.

Court of Appeals of Idaho.

Aug. 31, 1984.

**198**

Pat W. Arney, Coeur d'Alene, George R. Nethercutt, Jr., Spokane, Wash., for plaintiffs-appellants.

Linda L. Holdeman, of Hawley, Troxell, Ennis & Hawley, Boise, for defendant-respondent.

WALTERS, Chief Judge.

Raymond Fischer appeals from an order of the district court dismissing his claim for damages allegedly caused by a discharge from employment because of his age. Construing Idaho's former age discrimination act, Title 44, Chapter 16 of the Idaho Code (now repealed)—upon which Fischer's claim was based—the district court held it did not have original jurisdiction to entertain the claim. On review, we conclude that the district court was correct.

Idaho's age discrimination act was adopted in 1965 and repealed in 1982. It was in force, however, at the time Fischer's alleged cause of action arose. The act provided as follows:

44-1601. The opportunity for an individual to employment for which he is qualified without discrimination because of age is hereby recognized as and declared to be a civil right which shall be enforceable as set forth in this act.

44-1602. It shall be an unlawful employment practice, except where based upon a bona fide occupational qualification, or retirement or pension plan, or upon applicable security regulations established by the United States or the state of Idaho, and except where the employee is 60 years of age or older, for any employer because of the age of any individual to refuse to hire or employ, or to bar or to discharge from employment such individual, or to otherwise discriminate against such individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment, if the individual is the best able and most competent to perform the services required.

44-1603. Any individual claiming to be aggrieved by an alleged unlawful employment practice may make, sign and file with the director of the department of labor and industrial services, hereinafter referred to as the director, a verified complaint, in writing, which shall state the name and address of the person, employer, labor organization or employment agency alleged to have committed such an unlawful employment practice, and which shall set forth the particulars thereof and contain such other information as may be required by the director. The director upon his own initiative may, in like manner, make, sign and file such complaint.

Any employer whose employee[s], or some of them, hinder or threaten to hinder compliance with the provisions of this act may file with the director a verified complaint, asking for assistance by conciliation or other remedial action and, during such period of conciliation or other remedial action, no hearings, orders or other actions shall be taken by the director against such employer.

The director shall provide for appropriate hearings on complaints made pursuant to this act, upon due notice, and shall make such orders as he deems appropriate to enforce the provisions of this act.

44-1604. The director may make such rules or regulations as he deems appropriate to effectuate the provisions of, and

to establish the procedures for hearings held pursuant to this act.

44–1605. The complainant or the director may secure enforcement of the order of the director or other appropriate relief in the district court of the county where the employer resides or has his principal place of business. Such proceeding shall be initiated by the filing of a complaint in such court, together with a transcript of the record of the hearing before the director, if any, and issuance and service upon the employer of a summons and a copy of said complaint as in proceedings in civil actions. The court shall have power to grant such temporary relief or restraining order as it deems just and proper, and to make and enter, upon the trial of the action, or, at his discretion, upon the pleadings, testimony and proceedings set forth in such transcript, an order or decree enforcing, modifying and enforcing as so modified, or setting aside, in whole or in part, the order of the director. An appeal may be taken from any order of the district court as in other civil actions.

44–1606. Any person who shall wilfully resist, prevent, impede or interfere with the director or his agents in the performance of duties pursuant to this act, or shall wilfully violate an order of the director, shall be guilty of a misdemeanor and, upon conviction thereof, shall be sentenced to pay a fine of not less than one hundred dollars ($100) nor more than five hundred dollars ($500), or to undergo imprisonment not exceeding thirty (30) days, or both, in the discretion of the court, but procedure for the review of an order shall not be deemed to be such willful conduct.

Raymond Fischer had been employed by Sears, Roebuck & Co. for approximately eighteen years when he was discharged from his position as manager of the Sears department store in Coeur d'Alene, Idaho on October 30, 1979. Believing that he had been the victim of discrimination because of his age (he was fifty years old), Fischer filed a complaint with the state Department of Labor and Industrial Services approxi-

mately eighteen months after his discharge from employment. However, exercising the rule-making power granted by I.C. § 44–1604, the director of the department had established a rule requiring that such complaints be filed within six months of the date the alleged discrimination occurred. Fischer's complaint before the department was dismissed because of its untimeliness. The department's order of dismissal stated it was "without prejudice, to bring a separate action against the employer directly for the alleged age discrimination, pursuant to Section 44–1605, *Idaho Code.*"

Thereafter, in a separate action brought in district court against Sears, Fischer alleged unlawful discrimination on the basis of age in violation of Title 44, Chapter 16 of the Idaho Code, in addition to other claims relating to his discharge. Pursuant to I.R. C.P. 12(b), Sears moved to dismiss the age discrimination claim, arguing that the district court did not have subject-matter jurisdiction. The district court granted the motion, characterizing it as one for partial summary judgment. After certification of the order of dismissal under I.R.C.P. 54(b), Fischer brought this appeal.

The duty not to discharge an employee because of age is solely a creature of statute; no such duty existed at common law which would allow prosecution of a claim for wrongful discharge from employment because of age. *See also Johnson v. United States Steel Corp.,* 348 Mass. 168, 202 N.E.2d 816, 818 (1964); *Bonham v. Dresser Industries, Inc.,* 569 F.2d 187, 195 (3d Cir.1977); *Fawcett v. G.C. Murphy & Co.,* 46 Ohio St.2d 245, 348 N.E.2d 144, 147 (1976). Thus, Idaho's age discrimination act and the procedures established therein provided the exclusive remedy for vindication of the right to be free from discrimination based on age. Until the repeal of the age discrimination act, the Department of Labor and Industrial Services was vested with the primary jurisdiction to determine age discrimination complaints. Under I.C. § 44–1604 the district court was vested only with secondary jurisdiction to review,

enforce, modify or set aside the department's orders.

Fischer argues that the reference in I.C. § 44–1605 to "other appropriate relief" shows that the district court has primary subject-matter jurisdiction to hear an age discrimination claim. However, the full context of that phrase is, "[t]he complainant or the director may seek enforcement of the order of the director or other appropriate relief...." Read in context, the phrase appears simply to allow for the possibility that a claimant aggrieved by an adverse order of the director might seek judicial review of that order. That it does not confer primary subject-matter jurisdiction is made clear by the remainder of § 44–1605, which defines the remedial powers of the court in terms of enforcing, modifying or setting aside an order of the director.

■ Fischer argues that the district court was granted jurisdiction over his claim by virtue of the order of the director of the department of labor, which, as noted, dismissed Fischer's claim without prejudice to instituting a separate action directly against the employer. We are not persuaded by Fischer's argument. The Legislature vested exclusive jurisdiction in the department, not the courts, for age discrimination claims. The department alone had the power to adjudicate such claims. When authority is delegated to an administrative body such authority is primary and exclusive in the absence of a clearly manifested statutory expression to the contrary. *Washington Public Power Supply System v. Pacific Northwest Power Co.*, 213 F.Supp. 404 (D.C.Or.1962); *Chicago, R.I. & P.R. Co. v. Iowa State Highway Commission*, 182 N.W.2d 160 (Iowa 1970); *Central School Dist. No. 12, Middle Island v. Middle Island Teachers Assn.*, 81 Misc.2d 670, 366 N.Y.S.2d 562 (1975). Whether a particular administrative proceeding is primary or exclusive depends on the statutory

scheme. *Oliver v. Iowa Power & Light Co.*, 183 N.W.2d 687 (Iowa 1971).

■ The jurisdiction of an administrative agency is exclusive when the remedy it is empowered to grant is the only available relief for a given situation. *DuBois v. City of College Park*, 280 Md. 525, 375 A.2d 1098 (1977); *Naylor v. Harkins*, 11 N.J. 435, 94 A.2d 825 (1953). Finally, where an administrative agency has exclusive original jurisdiction of particular matters, such jurisdiction precludes an original action in court in regard to those matters. *Everitt v. Lovitt*, 192 So.2d 422 (Miss.1966); *Central School Dist. No. 12, supra; Ziccardi v. Commonwealth, Dept. of General Services, Bureau of Bldgs. and Grounds*, 50 Pa.Cmwlth. 367, 413 A.2d 9, (1980). Under Idaho's statutory scheme for determining age discrimination claims, no explicit authority was given to the director of the department of labor by the Legislature to further delegate original jurisdiction to the courts in such cases.[1] We hold that the district court correctly ruled that it had no subject-matter jurisdiction over Fischer's claim.

The order dismissing Fischer's claim is affirmed. Costs to respondent, Sears, Roebuck & Co.

BURNETT and SWANSTROM, JJ., concur.

---

1. *Compare* I.C. § 67–5908. The present statutory scheme in Idaho for prosecution of claims of discrimination in employment, based on race, color, religion, sex, national origin or age, al-

lows the complainant to pursue administrative remedies through the Commission on Human Rights or, alternatively, to file an action in district court.