OPINION OF THE COURT
J. Robert Houston, J.
This is a proceeding pursuant to CPLR article 78, in the nature of prohibition by which the petitioner seeks to restrain the Commissioner of Environmental Conservation from conducting an administrative hearing in his effort to enforce ECL article 15 as it relates to an alleged disturbance of a channel and creek bed on petitioner’s property. Petitioner is seeking a judgment enjoining the commissioner from holding an administrative hearing regarding the alleged violation. Respondent has cross-moved to dismiss this proceeding on the grounds that the respondent is acting within the scope of its legal authority.
The Department of Environmental Conservation has charged the petitioner with a violation of ECL 15-0501 (subd 1) and 6 NYCRR 608.2 (a) which pertains to “Protection of Water”. The commissioner alleges that the petitioner has disturbed “the channel and bed of a protected stream, namely, tributary 13 of Cryder Creek * * * and [removed] material from the banks of said stream, without a valid permit”. The petitioner was served with a notice of *771 hearing concerning the alleged violations. The notice informed petitioner that failure to appear at the hearing may result in a default judgment against petitioner which may (1) direct that the petitioner pay penalties authorized by law, (2) direct that petitioner undertake such actions as authorized by law, and (3) enjoin petitioner from continuing any activity which is the subject of the notice.
The petitioner seeks prohibition on the grounds that (1) he has voluntarily taken all corrective actions, (2) that the respondent does not have jurisdiction to hold a hearing on the grounds that an administrative hearing is not authorized by law, (3) that by virtue of the provisions of ECL 71-0507 proceedings relating to enforcement of violations under ECL 71-0501 are required to be brought by way of a legal action for penalties in the name of the People of the State of New York, and (4) that a criminal action was pending against petitioner relating to the same violations as are the subject of the administrative proceeding. At the time this proceeding was argued there was an assertion by respondent that the criminal action was going to be withdrawn. That particular issue, however, was not resolved at the time of the argument.
The respondent disputes these allegations and asserts that the commissioner is empowered to conduct such a hearing after proper service of the notice of hearing and complaint and is authorized by ECL article 71 to assess civil penalties for violations of ECL article 15 following an administrative hearing.
ECL 3-0301 (subd 2, par h) permits and authorizes the commissioner to “[c]onduct investigations and hold hearings and compel the attendance of witnesses and the production of accounts, books, documents and nondocumentary evidence by the issuance of a subpoena.” ECL 15-0309 empowers the commissioner to bring “actions, suits or proceedings” for the purpose of performing duties imposed by article 15 as does ECL 71-1103. ECL 71-0505 (subd 1) empowers the commissioner “to bring actions suits or proceedings as in his judgment may be necessary or proper to perform any of the powers, functions or duties imposed upon him”.
*772 Under the authority of ECL 3-0301, uniform enforcement hearing proceedings have been promulgated under NYCRR title 6 which provides for civil administrative enforcement proceedings and delineates the hearing by the commissioner.
6 NYCRR 622.12 establishes the hearing procedure, section 622.13 requires that a report be made to the commissioner by the hearing officer and section 622.14 authorizes the commissioner to make a final determination and order which may provide, inter alia, for dismissal of the charges or assessment of penalties or a direction for abatement.
The thrust of petitioner’s argument is that in order to seek a penalty the commissioner is required to commence an “action”, as provided by ECL 71-0507 and, that an administrative proceeding for that purpose is not otherwise authorized.
ECL 71-4003 provides that, “Any civil penalty provided for by this chapter may be assessed following a hearing or opportunity to be heard.” There thus appears to be a legislative intent to permit imposition of civil penalties under promulgated administrative proceedings, so long as a hearing has been conducted or there has been an opportunity to be heard.
The issue of the commissioner’s authority to impose penalties, direct that action be taken by the respondent or enjoin the respondent is, however, not presently before this court for the purpose of this proceeding. The commissioner clearly has the authority to hold the hearing and until the hearing has been completed and an order issued it is speculative as to what action the commissioner would take pursuant to 6 NYCRR 622.14.
Prohibition lies only when the body or office is proceeding or about to proceed without or in excess of jurisdiction (Matter of Nicholson v State Comm. on Judicial Conduct, 50 NY2d 597; Matter of State of New York v King, 36 NY2d 59). No clear right to the relief of prohibition has been shown and consequently that relief will not be granted (Matter of Dondi v Jones, 40 NY2d 8).
If the commissioner issues an order which exceeds his authority, such an order or decision can properly be re *773 viewed by way of a proceeding under CPLR article 78 (Village of Camillus v Diamond, 76 Misc 2d 319, affd 45 AD2d 982).
Petitioner’s application is denied. Respondent’s motion to dismiss the petition is granted.