OPINION OF THE COURT
Carmine C. Marasco, J.
This CPLR article 78 proceeding was instituted by petitioner to obtain an order prohibiting and staying respondent, the New York State Department of Environmental Conservation, hereinafter called Department, from conducting an adjudicatory public hearing for alleged violations of 6 NYCRR 211.2 and an order declaring a portion of 6 NYCRR 211.2 unconstitutionally void for vagueness. “The verified petition alleges that Department served upon petitioner a Notice to Appear and Statement of Matters Asserted” on May 18, 1984, which charges petitioner with violating 6 NYCRR 211.2; that the said regulation is so vague, indefinite and uncertain that it must be declared unconstitutional; that said section contains such subjective, uncertain, vague and indefinite terms that no one can be fairly apprised of the meaning thereof in advance of the violation; that in its answer to the said notice to appear petitioner asserted many *356 constitutional defenses which the hearing officer confessed he was powerless to rule upon; that the constitutional issues will not be considered until Department has conducted a lengthy adjudication hearing; that petitioner seeks to resolve the underlying constitutional issues prior to the hearing; that petitioner has attempted to resolve all issues with Department without success; that Department’s own air quality specialists admit there are no odor standards by which violations can be measured; and that Department’s commissioner has exceeded his authority in promulgating 6 NYCRR 211.2. Petitioner requests that 6 NYCRR 211.2 be declared void and unenforceable. Respondent’s answer denies the material allegations of the petition and sets up as affirmative defenses that this court should not rule upon petitioner’s request until after respondent has rendered a decision in the administrative proceeding; that petitioner has failed to exhaust its administrative remedies and that 6 NYCRR 211.2 is not constitutionally vague.
ECL 19-0103 provides as follows:
“§ 19-0103. Declaration of policy
“It is declared to be the policy of the state of New York to maintain a reasonable degree of purity of the air resources of the state, which shall be consistent with the public health and welfare and the public enjoyment thereof, the industrial development of the state, the propagation and protection of flora and fauna, and the protection of physical property and other resources, and to that end to require the use of all available practical and reasonable methods to prevent and control air pollution in the state of New York. It is further declared that this can be done most effectively by focusing on goals to be achieved by a maximum of cooperation among all parties concerned and that codes, rules and regulations established under the provisions of this article should be clearly premised upon scientific knowledge of causes as well as of effects.”
Pursuant to the provisions of that section, 6 NYCRR 211.2 was promulgated in the following language: “211.2 Air pollution prohibited. No person shall cause or allow emissions of air contaminants to the outdoor atmosphere of such quantity, characteristic or duration which are injurious to human, plant or animal life or to property, or which unreasonably interfere with the comfortable enjoyment of life or property. Notwithstanding the existence of specific air quality standards or emission limits, this prohibition applies, but is not limited to, any particulate, fume, gas, mist, odor, smoke, vapor, pollen, toxic or deleterious emission, either alone or in combination with others.”
*357 Petitioner, who is engaged in business as a rubber extrusion manufacturer, was served by the Department with a “Notice to Appear and Statement of Matters Asserted” in which petitioner was charged with a violation of the above regulation which may subject it to substantial penalties. Petitioner served an answer denying the allegations and discussions were held in an effort to resolve the dispute. Having failed in those efforts and contending that the above regulation is unconstitutional, petitioner instituted this proceeding pursuant to CPLR article 78.
It is petitioner’s contention that respondents exceeded their authority in promulgating 6 NYCRR 211.2. In support thereof, petitioner cites the closing language of ECL 19-0103 which states “rules and regulations established under the provisions of this article should be clearly premised upon scientific knowledge of causes as well as effects.” Petitioner argues that in adopting the regulation, the respondents failed to comply with that section in that the regulation is not based on scientific knowledge. On the record before this court, it is impossible to determine what basis was used in formulating that regulation. This court, at this time, cannot conclude that the statute was violated in the adoption of that regulation. The determination of whether respondents have exceeded their authority in promulgating the regulation could best be made after both parties have had an opportunity to present their evidence. The hearing scheduled by respondents would afford both sides an opportunity to present such evidence. To grant petitioner such relief on this record would require an assumption that respondents proceeded in excess of their jurisdiction. This court will not make such assumption. In the case of Portville Forest Prods. v Commissioner of N. Y. State Dept. of Environmental Conservation (117 Misc 2d 770, 772-773) the court stated:
“Prohibition lies only when the body or office is proceeding or about to proceed without or in excess of jurisdiction (Matter of Nicholson v State Comm. on Judicial Conduct, 50 NY2d 597; Matter of State of New York v King, 36 NY2d 59). No clear right to the relief of prohibition has been shown and consequently that relief will not be granted (Matter of Dondi v Jones, 40 NY2d 8).
“If the commissioner issues an order which exceeds his authority, such an order or decision can properly be reviewed by way of a proceeding under CPLR article 78 (Village of Camillus v Diamond, 76 Misc 2d 319, affd 45 AD2d 982).”
As there is no evidence before this court proving that respondents acted in excess of their jurisdiction in adopting the regulation, this court rejects that contention of petitioner. *358 Petitioner also argues that the regulation is so vague, indefinite and uncertain that it must be declared unconstitutional. A litigant attacking the constitutionality of a statute bears a heavy burden of proof.
It is settled that there is a presumption of validity, that one attacking constitutionality has the burden of proof and that, if possible, construction should be to uphold constitutionality. (See McKinney’s Cons Laws of NY, Book 1, Statutes, § 150.)
The regulation attacked by petitioner follows the language of the statute. The control of air pollution of necessity requires language broad in nature which cannot be as precise as the petitioner seeks. In the case of Southern III. Asphalt Co. v Environmental Protection Agency (15 Ill App 3d 66, 73), the Appellate Court of Illinois, Fifth District, stated:
“In the case before us we are involved with air pollution control, a subject which is fairly new to the law and yet more and more important to the public welfare. By its very nature it defies the establishment of precise standards. It involves a highly specialized science, and yet covers an exceedingly broad spectrum. It is complex and not reducible to easy equations, particularly in view of our constantly growing knowledge and understanding of our environment and its effect upon our lives and our very existence. Recognizing these facts the legislature acted to prohibit or control air contamination to the extent possible in the interest of health and the enjoyment of life or property. It is true that the standards set forth are broad, but they are nonetheless adequate. Section (9)b gives the Board the right to regulate, through granting or refusing a permit, any facility capable of causing or contributing to air pollution. Section (3)b defines air pollution as the presence in the atmosphere of contaminates in sufficient quantities and of such characteristics and duration as to be injurious to life and health, or to unreasonably interfere with the enjoyment of life or property. Subsection (d) then defines contaminates. We find these standards intelligible and in themselves sufficient to guide the Board in its enforcement of the law, and, therefore, we conclude that the authority granted to the Board to accomplish the purpose of the law was constitutionally permissible.
“We also find that the term ‘air pollution’, as defined by the Act, is definite and understandable and not vague and indefinite as contended by appellant. Clearly, pollution is limited to a contamination of the atmosphere by any substance, sufficient in quantity, characteristics and duration as to be injurious to life and health, or to unreasonably interfere with the enjoyment of life *359 and property. In view of the broad range of the subject matter a more precise definition could hardly be constructed.”
In the case of Houston Compressed Steel Corp. v State (456 SW2d 768, 774 [Tex]) the Court of Civil Appeals of Texas considered a statute prohibiting air pollution and states: “Until 1967 the basis of our laws regarding pollution was the nuisance doctrine, but the emphasis of our newer statutes is on regulatory standards. The science of air pollution control is new and inexact, and these standards are difficult to devise, but if they are to be effective they must be broad. If they are too precise they will provide easy escape for those who wish to circumvent the law. Air pollution is defined in Sec. 1.03(3) of the Act: ‘ “air pollution” means the presence in the atmosphere of one or more air contaminants or combinations thereof, in such concentration and of such duration as are or may tend to be injurious to or to adversely affect human health or welfare, animal life, vegetation or property, as to interfere with the normal use and enjoyment of animal life, vegetation or property.’ This definition is clear and is easily capable of understanding. In fact, the appellants do not claim that they cannot determine whether their conduct fits within the definition.”
The instant regulation was intended to protect the health and welfare of the public in a field which modern science has shown to be necessary. As the above-quoted cases show, the language must be all encompassing. Petitioner has not demonstrated to the satisfaction of this court that the regulation fails to pass constitutional muster.
The petition is dismissed and the stay contained in the order to show cause is vacated.