■ In the Matter of DELFORD INDUSTRIES, INC., et al., Petitioners, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents.— Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Appellate Division, Second Department) to review a determination of respondent Commissioner of Environmental Conservation which, *inter alia,* found that petitioners had violated 6 NYCRR 211.2 and assessed civil penalties.

Petitioner Delford Industries, Inc. manufactures custom extruded rubber products at its plant in the City of Middletown, Orange County. Based on complaints received from residents in close proximity to the plant and investigations conducted by its staff, respondent Department of Environmental Conservation (hereinafter DEC) commenced an administrative enforcement proceeding against Delford in May 1984. Delford was charged with violating 6 NYCRR 211.2, which, *inter alia,* prohibits any person from releasing into the air contaminants that "unreasonably interfere with the comfortable enjoyment of life or property". While the matter was pending, Delford initiated a CPLR article 78 proceeding in Supreme Court to have 6 NYCRR 211.2 declared void and unenforceable. Supreme Court held that the record before it would not support the contention that DEC exceeded the scope of its authority in promulgating 6 NYCRR 211.2 or that the regulation was unconstitutionally vague *(see, Delford Indus. v New York State Dept. of Envtl. Conservation,* 126 Misc 2d 355). Delford initially appealed that decision, but in March 1985 the parties entered into an "Order on Consent", under the terms of which DEC withdrew the charges without prejudice and Delford withdrew its appeal. Delford also agreed to pay $2,500 of an $8,500 penalty, the remaining $6,000 to be suspended so long as Delford complied with all terms of the consent order.

In July 1986, DEC issued a notice of noncompliance which stated that Delford was in violation of the consent order and, therefore, the $6,000 suspended penalty was due. In March 1987, DEC served a notice and complaint charging Delford and the chairman of its board of directors, Robert Reach, Sr., and its president, Robert Reach, Jr., with violations of 6 NYCRR 201.2 (b), 211.2 and 212.5 (a) and of violating the

March 1985 consent order. An Administrative Law Judge conducted hearings and issued a report, following which respondent Commissioner of Environmental Conservation determined that Delford violated the consent order in several respects, failed to pay the $6,000 suspended penalty, and violated 6 NYCRR 201.2 (b), 211.2 and 212.5. The Commissioner ordered Delford to pay a $35,000 civil penalty and, finding Reach, Jr. and Reach, Sr. personally responsible for certain violations of 6 NYCRR 211.2, directed that they be jointly and severally liable for payment of $5,000 and $4,000, respectively, of the civil penalty. Petitioners then brought this proceeding, transferred to the Appellate Division by Supreme Court, advancing the contentions that 6 NYCRR 211.2 was promulgated in excess of the authority delegated by Environmental Conservation Law article 19, that 6 NYCRR 211.2 is unconstitutionally vague, and that there is no basis for respondents' imposition of personal liability against the Reaches.

Initially, respondents argue that petitioners' claim that DEC exceeded the scope of its authority in promulgating 6 NYCRR 211.2 and that the regulation is unconstitutionally vague is barred on res judicata grounds, given Supreme Court's rejection of petitioners' arguments in *Delford Indus. v New York State Dept. of Envtl. Conservation* (126 Misc 2d 355, *supra*). In response, petitioners contend that the Reaches were neither parties nor privy to the prior proceeding and that they are not collaterally estopped from raising the claim. We turn first to the issue of whether Delford is collaterally estopped. It is familiar law that a judgment is given collateral estoppel effect when the issue in the subsequent action is identical to the issue in the prior action and was necessarily decided on the merits and the parties had a full and fair opportunity to contest the issue in the prior action *(see, Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485). Here, there can be no doubt that the issue is identical. Moreover, there can be little doubt that Delford was afforded a full and fair opportunity to contest the issue, that Supreme Court decided the issue squarely against Delford and that Delford then voluntarily withdrew its appeal of that issue when it entered into the March 1985 consent order. Accordingly, Delford is barred from relitigating this issue in this proceeding.

We now turn our attention to the question of whether the Reaches are bound by Supreme Court's determination. While acknowledging that the Reaches were not parties to the prior proceeding, respondents posit, without elaboration or legal

analysis, that, as parties in privity with Delford, they are barred from relitigating the issues. We disagree. While there is little question that, under appropriate circumstances, a major shareholder of a closely held corporation will be bound by a judgment rendered in litigation against the corporation *(see, Shire Realty Corp. v Schorr,* 55 AD2d 356, 361; Restatement [Second] of Judgments § 59 [3], [5]), there is no assertion by respondents or evidence in the record that Delford is a closely held corporation or that the Reaches are shareholders. Because an individual's status as a corporate officer or director will not preclude him from litigating an issue which was previously determined against the corporation *(see, Kessler v Fligel,* 240 App Div 232, 234, *affd* 266 NY 508; *Rusciano & Son Corp. v Mihalyfi,* 165 Misc 932, 942; Restatement [Second] of Judgments § 59, at 103, comment *a),* respondents, "the part[ies] seeking to invoke the benefits of the principle" *(Gramatan Home Investors Corp. v Lopez, supra,* at 485), have not proved the elements necessary to collaterally estop the Reaches *(see, supra).*

Contrary to the position taken by petitioners, however, the individual petitioners have standing to contest only the findings of liability and fines imposed against them individually and may not challenge the action taken against Delford. Further, mindful of the general rule that a constitutional issue is to be avoided if there is another clear ground upon which the court may rest its judgment *(see, O'Kane v State of New York,* 283 NY 439, 449; 20 NY Jur 2d, Constitutional Law, §§ 47, 48, at 100-104), we would consider the attack upon 6 NYCRR 211.2 only if essential to resolution of the proceeding. In fact, we need not resolve the constitutional issue because we conclude that the finding of liability and imposition of fines against the Reaches violated the March 1985 consent order and must, accordingly, be annulled.

The consent order stated in relevant part: "The provisions of this Order shall be deemed to bind [Delford], its officers, directors, agents, employees, successors and assigns, and all persons, firms and corporations acting under or for it, *but shall in no way create or impose any personal liability on any of them, except [Delford], its successors and assigns"* (emphasis supplied). There is no question that this provision immunized the Reaches from individual liability for violations of the consent order. However, the Hearing Officer and the Commissioner concluded that the Reaches could be held liable for odor emissions which violated 6 NYCRR 211.2, even though the violations were a direct result of and, in fact, inseparable

from, Delford's failure to implement the remedial steps required in the consent order. As an illustration of the tortured reasoning employed by respondents in this regard, the Hearing Officer stated in his decision: "[Reach, Jr.'s] failure to adequately remediate the odor emissions from the plant—*particularly his failure to follow the further remedial steps in the Consent Order of retaining a consulting engineer*—do render him responsible for the violation of 6 NYCRR 211.2 after service of the notice of July 1986" (emphasis supplied). Similarly, the Commissioner's decision states: "[The consent order's grant of immunity] does not apply, however, to the violation of emission of unreasonable odors—which were rendered unreasonable by the decision of [the Reaches] to refuse to comply with the Consent Order after receiving the notice of noncompliance." Further, the liability of Reach, Sr. for violations of 6 NYCRR 211.2 was based solely upon his authorship of a letter in which he is claimed to have refused to comply with the provisions of the consent order. In our view, in finding that the Reaches violated 6 NYCRR 211.2, respondents impermissibly attempted to avoid the grant of immunity and, in effect, imposed personal liability for claimed violations of the consent order.

Determination modified, without costs, by annulling the findings of liability for the payment of fines on the part of Robert Reach, Jr. and Robert Reach, Sr., and, as so modified, confirmed. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur. [*See,* 126 Misc 2d 355.]