OPINION OF THE COURT
Alan J. Saks, J.
Defendant’s motion for summary judgment dismissing the complaint, as barred by public policy under the Santangelo rule, is disposed of as follows:
There is a fairly widespread misapprehension that Santangelo v State of New York (71 NY2d 393) bars all common-law actions by police officers and firemen to recover for injuries sustained while the officer is "on the job”, i.e., acting within the scope of his duties. That is not the meaning of Santangelo. Rather, it was intended to preclude recovery when the injury to the officer arose out of the officer’s performance of some act for which he/she was presumably given some type of special training not available to the general public. When the injury is merely collateral to the performance of police or fire duties and might have just as well been sustained by a member of the general public, Santangelo does not apply. Some such situations are obvious. If a police officer in a motor patrol vehicle is injured in an intersection accident because another vehicle ran the traffic signal, it is of no consequence whatsoever that the officer was on his way to the scene of a reported crime.
In the instant case, the plaintiff police officer’s deposition version of the incident is that he and his partner chased a suspect into defendant’s building and up the stairs to the roof. The partner then further pursued the suspect down the fire escape while plaintiff radioed a description "to central”. Plaintiff then proceeded back down the interior staircase, but when he got to the landing between the roof and the next floor "it just caved in. I went down, just collapsed”, sending him through the landing about 15 feet to the next landing.
Police officers have no more training to avoid an incident of this nature than members of the general public. Furthermore, insofar as plaintiff was concerned, the chase had ended by the time the accident occurred. (Cf., Guadagno v Baltimore & Ohio R. R. Co., 155 AD2d 981.)
Plaintiff also asserts a cause of action under General Municipal Law § 205-e, based on defendant’s alleged failure to comply with the requirements of section 78 of the Multiple Dwelling Law in regard to keeping the building in a reason *82 ably safe condition. Defendant’s first response is that, because the date of the accident antedated the enactment of section 205-e, it is inapplicable here. This statute had an effective date of July 12, 1989. (L 1989, ch 346.) Based thereon, some preJuly 12, 1989 accident cases were dismissed (e.g., Ruotolo v State of New York, 157 AD2d 452 [Jan. 1990]; Guadagno v Baltimore & Ohio R. R. Co., supra [Nov. 1989]). However, defendant conveniently overlooks that on July 22, 1990 by Laws of 1990 (ch 762), the effective date of section 205-e was amended by adding an extensive proviso, the effect of which is to make the statute retroactive to injuries sustained on or after January 1, 1987, provided action is commenced by June 30, 1991. (Plaintiff’s accident was on Mar. 27, 1987.)
Defendant is, however, on firmer ground in arguing that violation of Multiple Dwelling Law § 78 does not constitute a sufficient predicate for the invocation of General Municipal Law § 205-e. Statutes that impose duties not recognized at common law are to be strictly construed. The gravamen of the instant action is not a contention that defendant violated some code provision which creates an additional duty not recognized at common law. Section 78 is but a codification of a landowner’s general duty to maintain his premises in good repair. An action does not become a statutory one merely because a statute codifies or particularizes the details of common-law negligence. To hold otherwise would yield some truly absurd results. For instance, a police officer while pursuing a perpetrator by motor vehicle could allege that the perpetrator ran a red light in violation of the Vehicle and Traffic Law and thus torture his personal injury action against the perpetrator, otherwise barred by Santangelo (supra), into one under General Municipal Law § 205-e. However, it does not appear to this court that the Legislature intended the mere violation by defendant of a statute to be a predicate for a section 205-e action, when the defendant’s alleged act would have also been actionable at common law. Indeed, the very purpose of section 205-e was to carve out a cause of action, in narrowly limited cases, where none would exist at common law.
Defendant’s motion is granted solely to the extent of dismissing plaintiff’s section 205-e claims to the extent that the same are based solely on alleged violation of Multiple Dwell *83 ing Law § 78 and is otherwise denied. Should plaintiff desire to invoke some specific code violation in the construction of the staircase, a motion to amend the complaint and bill of particulars must be made within 60 days from the date hereof or will be precluded.