■ Frank Alberti, Respondent, v Eastman Kodak Company, Appellant. Erica Blaho, Respondent, v Eastman Kodak Company, Appellant. Harold Dack, Respondent, v Eastman Kodak Company, Appellant. Steven Small, Respondent, v Eastman Kodak Company, Appellant. Gary Sullivan, Respondent, v Eastman Kodak Company, Appellant. [612 NYS2d 729] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied defendant's motion for partial summary judgment dismissing plaintiffs' causes of action pursuant to General Municipal Law § 205-e. The allegation that defendant violated 6 NYCRR 211.2 is a sufficient predicate for an action pursuant to General Municipal Law § 205-e (see, Ruotolo v State of New York, 83 NY2d 248; Phalen v Kane, 192 AD2d 186; Costantini v Benedetto, 190 AD2d 888). We decline to adopt the reasoning of Supreme Court in Ramos v Doesn't Matter Realty Corp. (153 Misc 2d 80) that a statute or regulation that merely codifies a common-law duty cannot serve as a predicate for a General Municipal Law § 205-e cause of action. In any event, 6 NYCRR 211.2 is not a mere codification of common-law nuisance.

We reject defendant's further argument that 6 NYCRR

211.2 is too vague to provide the basis for a cause of action pursuant to General Municipal Law § 205-e *(see, Delford Indus. v New York State Dept. of Envtl. Conservation,* 126 Misc 2d 355). Defendant's remaining argument, that the Air Pollution Control Act and its corresponding regulations do not create a private right of action, is raised for the first time on appeal. Thus, it is not preserved for review *(see, Matter of Ouimet v Ouimet,* 186 AD2d 1002; *MacMaster v Sardina,* 182 AD2d 1132, 1133). (Appeal from Order of Supreme Court, Monroe County, Cornelius, J.—Dismiss Complaint.) Present— Pine, J. P., Lawton, Callahan, Doerr and Davis, JJ.