OPINION OF THE COURT
Stanley Green, J.
Defendant’s motion to set aside the verdict entered herein *171 on January 19, 1995 is granted. Plaintiff brought this action to recover damages for personal injuries he sustained on July 30, 1982 while fighting a fire in the course of his employment as a fireman. On the way into a building to fight a fire on the fifth floor, he tripped and fell in a depressed drain cover in the courtyard of the building. He sustained a herniated disc and eventually was placed on light duty for 10 years before retiring.
The jury found that the defendant, the City of New York, as owner of the building, was both negligent in failing to maintain the premises in a reasonably safe condition and in violation of General Municipal Law § 205-a by failing to keep the premises in good repair in violation of Multiple Dwelling Law § 78.
The negligence cause of action must be dismissed pursuant to the holdings of the Court of Appeals in a consolidated decision dated March 30, 1995 which affirmed dismissal by the Appellate Division of three negligence cases brought by police officers or firefighters (Zanghi v Niagara Frontier Transp. Commn., Raquet v Brawn, Ruocco v New York City Tr. Auth., 85 NY2d 423 [1995]). In Zanghi, a police officer slipped and fell on a snow-covered metal plate during the performance of his duties; in Raquet, one firefighter died and another was injured when the canopy roof of a building and a part of a wall collapsed during a fire; in Ruocco, two police officers were injured when they slipped and fell on wet steps while responding to a radio call. In each of these circumstances, the Court of Appeals held that the common-law negligence claims were properly dismissed by the Appellate Division.
In Cooper v City of New York (81 NY2d 584, 590 [1993]), the Court explained that the "determinative factor is whether the injury sustained is related to the particular dangers which police officers [and firefighters] are expected to assume as part of their duties.” In Zanghi (supra), the Court held that the "necessary connection is present where the performance of the police officer’s or firefighter’s duties increased the risk of the injury happening, and did not merely furnish the occasion for the injury. In other words, where some act taken in furtherance of a specific police or firefighting function exposed the officer to a heightened risk of sustaining the particular injury, he or she may not recover damages for common-law negligence.” (Zanghi v Niagara Frontier Transp. Commn., 85 NY2d 423, 439, supra.)
Here, plaintiff testified that, although he saw the drain cover prior to tripping on it, his attention was focused on fighting *172 the fire. He further testified that he walked in the area of the drain cover because it was standard practice to walk on the side away from, rather than underneath, a fire. The risk that a firefighter may be injured due to a depressed drain cover in a courtyard while on the way into a building to fight a fire, like the risks in Cooper (supra) and Zanghi, Raquet and Ruocco (supra), is inherent in firefighting duties, and plaintiff is thus precluded from recovering damages for common-law negligence by the firefighter rule. (See also, Cottone v City of New York, 206 AD2d 345 [2d Dept 1994].)
The cause of action based upon violation of General Municipal Law § 205-a must be dismissed because the violation of Multiple Dwelling Law § 78 is not of the type contemplated by General Municipal Law § 205-a. Multiple Dwelling Law § 78 provides that "[e]very multiple dwelling * * * and every part thereof * * * shall be kept in good repair.” This is merely a restatement of the common-law requirement that a landlord keep his premises in reasonably safe condition. In Kenavan v City of New York (70 NY2d 558, 567 [1987]), the Court concluded that General Municipal Law § 205-a "affords firefighters protection from those premises harboring violations of safety provisions that create hazards additional to those that firefighters already face in their profession.” Clearly, the alleged violation of the Multiple Dwelling Law, the depressed drain cover, does not create an unusual or additional hazard.
Also, the general nature of the statute precludes recovery. (See, Ramos v Doesn’t Matter Realty Corp., 153 Misc 2d 80 [1991].) In Raquet (supra), the codes violated contained specific requirements, not existing at common law, regarding the manner of construction and approval of the construction. Other cases sustaining a General Municipal Law § 205-a or § 205-e violation also are based on violations of specific statutory requirements (e.g., Alberti v Eastman Kodak Co., 204 AD2d 1022 [4th Dept 1994] [Air Pollution Control Act]; Lyden v Rasa, 39 AD2d 716 [2d Dept 1972] [specific requirements for maintenance of fire escapes]; Daggett v Keshner, 284 App Div 733 [1st Dept 1954] [illegal sale of gasoline]). The absence of such a specific violation herein is fatal to plaintiff’s section 205-a claim.
Accordingly, the verdict is set aside and the complaint is dismissed.