■ EUGENE J. HAYES, Respondent-Appellant, v CITY OF NEW YORK, Appellant-Respondent. [695 NYS2d 328] —Judgment, Supreme Court, Bronx County (Stanley Green, J.), entered on or about August 28, 1997, awarding plaintiff damages, and bringing up for review an order which, in an action pursuant to General Municipal Law § 205-a by a firefighter against a property owner, insofar as appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on the issue of liability, and awarded damages without interest, unanimously modified, on the law, to award plaintiff statutory interest from July 10, 1997, the date of entry of the order granting him summary judgment, to August 28, 1997, the date of entry of the judgment, plus costs and disbursements, and otherwise affirmed, without costs.

As defendant acknowledges, the duty imposed on building owners under Multiple Dwelling Law § 78 to keep their build-

ings in good repair is no more general than the duty imposed on the City under New York City Charter § 2903 (b) to keep its streets in good repair, and if the Charter provision is recognized as a valid predicate for General Municipal Law § 205-e liability (*see, Gonzalez v Iocovello,* 93 NY2d 539, 552-553, *affg Cosgriff v City of New York,* 241 AD2d 382; *Simons v City of New York,* 252 AD2d 451; *Palazzolla v City of New York,* 248 AD2d 250), so too should Multiple Dwelling Law § 78 be recognized as a valid predicate for General Municipal Law § 205-a liability. Concerning interest, we reject plaintiff's claim of entitlement thereto from the time of the verdict in the prior action between these parties, which was set aside on the basis of pre-amendment General Municipal Law § 205-a (*Hayes v City of New York,* 169 Misc 2d 170, *affd* 231 AD2d 402, *lv denied* 89 NY2d 803) but used by the IAS Court in this action as the measure of plaintiff's damages. However, we modify to award interest from the date of entry of the order granting plaintiff summary judgment, that being the time that plaintiff's right to compensation was "fixed in law" (*Love v State of New York,* 78 NY2d 540, 544). Concur—Rosenberger, J. P., Williams, Tom and Mazzarelli, JJ.