OPINION OF THE COURT
Victor I. Barron, J.
Plaintiffs Rebecca Gordon and Carlton Gordon (plaintiffs) move, by order to show cause, for a judgment in favor of Rebecca Gordon, in the sum of $327,833, and for a further judgment in favor of Carlton Gordon, in the sum of $7,000, *247 with interest at a rate of 9% per annum, running from December 23, 1996.
On February 13,1992, Rebecca Gordon tripped and fell while walking on a public sidewalk in Brooklyn, and sustained various injuries. By summons and complaint dated July 30, 1992, plaintiffs commenced the instant action against defendants City of New York (the City), Trocom Construction Company (Trocom), and Willets Point Construction Company (Willets).* In bringing this action, plaintiffs alleged that the City was negligent in creating and/or failing to remedy a dangerous condition on the sidewalk in question.
Thereafter, plaintiffs moved to strike the City’s answer for failing to comply with their discovery demands. In an order dated December 23, 1996, Justice Samuel Greenstein of this Court granted plaintiffs’ motion, without opposition, and ordered the City’s answer stricken. In the same order, Justice Greenstein dismissed plaintiffs’ action against Trocom and ordered Willets to comply with plaintiffs’ discovery demands. Justice Greenstein also struck a proposed provision in the order which would have severed plaintiffs’ action against the City and set the matter down for an immediate inquest on damages — apparently because Willets was still an active defendant in the case.
Plaintiffs’ action against Willets was eventually resolved, thereby leaving the City as the only remaining defendant. Accordingly, on or about May 4, 2000, plaintiffs’ claims against the City were set down for an inquest on damages without any further court orders or objections by the City. On May 10, 2000, the jury awarded Rebecca Gordon $327,833 in damages against the City and further awarded Carlton Gordon $7,000 in damages. Subsequently, plaintiffs attempted to enter judgment with the Judgment Clerk in these amounts, with interest running from December 23, 1996 (i.e., the date of Justice Green-stein’s order). However, the Judgment Clerk advised plaintiffs that he/she could not enter judgment with interest running from December 23, 1996 without an order of the court.
Plaintiffs now move for a judgment with interest running from December 23, 1996, at a rate of 9% per annum. In so moving, plaintiffs maintain that under CPLR 5002, as well as applicable case law, interest must be calculated from the date that liability is established. Here, plaintiffs reason that the *248 City’s liability was established on the date that Justice Green-stein ordered the City’s answer stricken.
In opposition to plaintiffs’ motion, the City argues that interest only began to accrue on May 10, 2000, when the jury awarded plaintiffs damages. According to the City, an order striking an answer is not a verdict, report or decision under CPLR 5002 because a defendant’s liability does not, as a matter of law, become fixed at the time its answer is stricken.
CPLR 5002, which applies to personal injury cases such as the instant one, provides that:
“Interest shall be recovered upon the total sum awarded, including interest to verdict, report or decision, in any action, from the date the verdict was rendered or the report or decision was made to the date of entry of final judgment. The amount of interest shall be computed by the clerk of the court and included in the judgment.”
In Love v State of New York (78 NY2d 540), which involved a bifurcated trial, the Court of Appeals interpreted this statute as requiring that prejudgment interest be calculated from the date that liability is established, irrespective of the fact that damages were awarded at a later date, and regardless of who was at fault for the delay between the liability verdict and the damages verdict (see, id., at 544). By the same token, when a plaintiff is awarded summary judgment on the issue of liability, interest begins to accrue on the date that the summary judgment order is entered, because that is the time that the plaintiff’s right to compensation is “fixed in law” (Hayes v City of New York, 264 AD2d 610, 611). This is true even when several years have elapsed between the date of the summary judgment order and the trial on damages (see, Rohring v City of Niagara Falls, 84 NY2d 60, 68). Similarly, when a plaintiff is awarded a default judgment, interest begins to accrue from the date on which the order of default is entered, “because that order established defendant’s liability” (Sinn v Nationwide Mut. Ins. Co., 245 AD2d 1096).
Although there do not appear to be any published opinions dealing with the issue of when prejudgment interest begins to accrue when a defendant’s answer is stricken, as a general rule, “a defendant whose answer is stricken as a result of a default admits all traversable allegations in the complaint, including the basic allegation of liability” (Rokina Opt. Co. v Camera King, 63 NY2d 728, 730). Of course, there are exceptions to this rule. For example, if a complaint fails to state a *249 cause of action, then no liability will attach to the defendant and the complaint must be dismissed pursuant to CPLR 3211 (a) (7) even though the defendant’s answer has been stricken (see, Lavi v Lavi, 256 AD2d 602, 604).
However, in the instant case, there is no CPLR 3211 (a) (7) problem with plaintiffs’ complaint as it clearly states a cause of action. Plaintiffs alleged that the City was negligent in creating and/or failing to remedy a dangerous condition on a City-owned sidewalk and the City effectively admitted this allegation when Justice Greenstein struck its answer. Thus, under the facts of this case, the City’s liability was established once Justice Greenstein’s order striking its answer was entered.
The parties obviously proceeded under this assumption given the fact that, without any further court orders, and without any apparent objection by the City, a trial was held solely on the issue of damages. Indeed, a finding of liability is a prerequisite to a damages trial and, therefore, the City’s liability must have been established before the trial on damages. Given the lack of any intervening events between Justice Greenstein’s order and the trial on damages, the entry of Justice Green-stein’s order appears to be the only definitive date upon which it can be said that liability attached.
Finally, as the court previously noted, plaintiffs attempted to sever their action against the City and hold an immediate trial on damages when the City’s answer was stricken, but this request was (apparently) denied for reasons of judicial economy. Thus, it would seem unjust to penalize plaintiffs for a three-and-one-half-year delay which was beyond their control, and which they attempted to avoid.
Accordingly, the Court hereby directs the Judgment Clerk to enter judgment in favor of Rebecca Gordon, in the sum of $327,833, and in favor of Carlton Gordon, in the sum of $7,000, with interest calculated from the date of entry of Justice Green-stein’s December 23, 1996 order.

 Rebecca Gordon’s husband, Carlton Gordon, asserted a derivative claim against the defendants.