◼ JOANNE SIMPSON, Appellant, v LAKESIDE ENGINEERING, P.C., Respondent. [809 NYS2d 710]—

Appeal from an order of the Supreme Court, Monroe County (David D. Egan, J.), entered May 19, 2004. The order, inter alia, after a nonjury trial, dismissed the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by reinstating the first cause of action and as modified the order is affirmed without costs, and

It is further ordered that judgment be entered in favor of plaintiff and against defendant in the amount of $10,000.

Memorandum: Plaintiff, an at-will employee, commenced this action for breach of contract seeking, inter alia, payment of a $10,000 bonus. Pursuant to a written offer of employment, plaintiff was hired as defendant's director of professional services commencing March 5, 2001 at a base annual salary of $40,000, and was guaranteed a minimum bonus of $10,000 "assuming" that she completed at least one year of service. Plaintiff voluntarily resigned from her position on March 20, 2002 and did not receive the bonus payment. At the bench trial, Supreme Court granted in part defendant's motion for a trial order of dismissal at the close of plaintiff's case and dismissed two of the three causes of action. The court dismissed the remaining cause of action at the conclusion of the trial.

Contrary to the court's determination, the record establishes that there was an enforceable contract with respect to payment of the bonus and that plaintiff is entitled to such payment, as sought in the first cause of action. We therefore modify the order accordingly. The parties stipulated that the February 2001 offer letter constituted the written offer of employment, and that offer letter unequivocally defines plaintiff's compensation in terms of both base salary and bonus. "When a bonus that is an integral part of a compensation package has already been

earned by the time the employer decides not to pay it, the latter can no longer argue that such bonus is discretionary; at that point, failure to pay it constitutes a breach of the contract of employment" (*Sipkin v Major League Baseball Advance Media, L.P.*, 9 Misc 3d 133[A], 2005 NY Slip Op 51648[U], *1, citing *Harden v Warner Amex Cable Communications*, 642 F Supp 1080, 1096 [1986]). The offer letter in no way indicates that the bonus was discretionary, and thus "the bonus clause is reasonably susceptible of only one interpretation" (*Namad v Salomon Inc.*, 74 NY2d 751, 753 [1989]; *cf. Kaplan v Capital Co. of Am.*, 298 AD2d 110 [2002], *lv denied* 99 NY2d 510 [2003]).

We reject the contention of defendant that, even if there were an enforceable contract to pay the bonus to plaintiff, the contract is no longer binding on defendant based on plaintiff's fraud and lack of good faith. "When an employee sues for agreed compensation for fully completed past services, the claim is defeated only if the facts show a failure of performance that is substantial, material and strikes at the very essence of the contract" (*Russ v Minuteman Opt. Corp.*, 99 AD2d 632, 633 [1984]), and there was no such showing herein.

Finally, we conclude that the court properly granted that part of defendant's motion seeking dismissal of the second and third causes of action under Labor Law § 198, seeking attorney's fees and liquidated damages in an amount equal to 25% of the total amount of wages due. It is well settled that section 198 does not apply to a "common-law contract claim" such as that asserted herein (*Gottlieb v Kenneth D. Laub & Co.*, 82 NY2d 457, 462 [1993], *rearg denied* 83 NY2d 801 [1994]). Rather, that section applies only to claims "based upon substantive violations of [Labor Law article 6]" (*id.* at 463), and no such claim or cause of action was asserted by plaintiff. Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Pine, JJ.