■ JORDAN KAPCHAN, Appellant, v 31 MT. HOPE, LLC, et al., Respondents. [975 NYS2d 44]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about July 24, 2012, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment, unanimously affirmed, with costs.

Defendants hired plaintiff, an attorney, to represent them in conjunction with their purchase of an apartment building. Plaintiff states that because defendants did not have the total amount due at the closing, he loaned defendants $68,091.55. However, plaintiff's evidence, including a handwritten closing statement that he prepared, purporting to show the itemized closing costs, and a series of checks, signed only by defendant Vincent Rosso, to be cashed by plaintiff in the future, is insufficient to substantiate his allegation that he made a loan to all defendants in the amount of $68,091.55. Plaintiff's argument that, since the loan repayment checks were drawn from the bank accounts of all of the individual defendants, they were parties to the loan transaction, is unpersuasive, since there is no evidence that any defendant other than Vincent Rosso agreed to be bound by the loan agreement.

The record also presents disputed issues of fact as to whether the alleged balance of the loan was indeed $50,000; whether plaintiff improperly inflated the amount of the closing costs; and whether the agreed upon legal fee was $25,000, as plaintiff contends, or $10,000, as defendants maintain. While the parties advance conflicting positions on these points, issue finding, rather than issue determining, is the function of a court on the disposition of a summary judgment motion (*see generally Vega v Restani Constr. Corp.*, 18 NY3d 499, 505 [2012]).

Furthermore, defendants' unpleaded affirmative defense that they were coerced at the closing into taking a loan from plaintiff raises triable issues (*see e.g. Bishop v Maurer*, 106 AD3d 622 [1st Dept 2013]). The court, "in examining the pleadings on a

motion for summary judgment, may take into account an unpleaded defense" (*Feliciano-Delgado v New York Hotel Trades Council & Hotel Assn. of N.Y. City Health Ctr.*, 281 AD2d 312, 316 [1st Dept 2001]).

We have considered the remaining arguments and find them unavailing. Concur—Andrias, J.P., Friedman, Richter, Manzanet-Daniels and Feinman, JJ.