■ In the Matter of ANTHONY J. CASCARDO, Also Known as ANTHONY JOHN CASCARDO, Deceased. RUSSELL CASCARDO, Respondent; DEBRA CASCARDO WIESSMAN, Appellant. [12 NYS3d 573]—In a contested probate proceeding, the objectant, Debra Cascardo Wiessman, appeals from a decree of the Surrogate's Court, Richmond County (Gigante, S.), dated June 17, 2013, which, upon the granting of the petitioner's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the objections alleging that the subject will was improperly executed and the product of fraud and duress, made at the close of evidence, and upon a jury verdict finding that the decedent had the testamentary capacity to execute his will and that the will was not procured by undue influence, admitted the decedent's last will and testament to probate.

Ordered that the decree is affirmed, with costs payable to the decedent's estate.

The Surrogate's Court properly granted the petitioner's motion pursuant to CPLR 4401, made at the close of evidence, for judgment as a matter of law dismissing objections alleging that the subject will was improperly executed and the product of fraud and duress. Upon viewing the evidence in the light

most favorable to the objectant, there was no rational process by which the jury could have found in favor of the objectant on these issues (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Matter of Favaloro*, 94 AD3d 989, 993 [2012]; *Elnakib v County of Suffolk*, 90 AD3d 596, 596-597 [2011]; *Doland v Stephenson*, 89 AD3d 789 [2011]; *Velez v Goldenberg*, 29 AD3d 780 [2006]).

Contrary to the objectant's contention, the jury verdict finding that the decedent had the testamentary capacity to execute the will, and that the will was not procured by undue influence, was not contrary to the weight of the evidence. The jury's findings were based on a fair interpretation of the evidence (*see Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d 587 [2011]; *see generally Lolik v Big v Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]).

The Surrogate's Court erred in invoking the so-called Dead Man's Statute (*see* CPLR 4519) so as to exclude the admission into evidence of a certain deed. However, as the deed duplicated other evidence in the record, its exclusion constituted harmless error (*see Tannen v Long Is. R.R.*, 215 AD2d 745 [1995]).

The objectant's remaining contentions are either unpreserved for appellate review or improperly raised for the first time in her reply brief. Balkin, J.P., Austin, Miller and Maltese, JJ., concur.