Salahuddin v Craver (2018 NY Slip Op 05429)





Salahuddin v Craver


2018 NY Slip Op 05429


Decided on July 25, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND TROUTMAN, JJ.


809 CA 18-00235

[*1]MOHAMMED SALAHUDDIN, DDS, PH.D., AND ROMSA, P.C. (ROCHESTER ORAL AND MAXILLOFACIAL SURGERY ASSOCIATES), PLAINTIFFS-APPELLANTS,
v
CHRISTINE K. CRAVER AND CARRIE MASSARO, DEFENDANTS-RESPONDENTS. 






JEANNE M. COLOMBO, ROCHESTER (MICHAEL STEINBERG OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
UNDERBERG & KESSLER, LLP, ROCHESTER (JILLIAN K. FARRAR OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Monroe County (Renee Forgensi Minarik, A.J.), entered May 16, 2017. The order, inter alia, denied that part of the motion of plaintiffs seeking summary judgment dismissing the counterclaims and granted in part the cross motion of defendants for summary judgment on their counterclaims. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion with respect to the Labor Law §§ 162 (2), 195 (5), and 198 counterclaims and dismissing those counterclaims, denying that part of the cross motion with respect to the Labor Law § 195 (1) (a) counterclaims, striking the amount of $7,597.98 from the 11th ordering paragraph and replacing it with the amount of $2,595.98, and striking the amount of $6,229.60 from the 25th ordering paragraph and replacing it with the amount of $1,229.60, and as modified the order is affirmed without costs.
Memorandum: Defendants allegedly embezzled over $100,000 from plaintiffs, their alleged former employers. Plaintiffs then commenced this action for fraud, conversion, and breach of fiduciary duty. Defendants both counterclaimed for, inter alia, slander per se and the violations of Labor Law §§ 162 (2), 191 (3), 195 (1) (a), and 195 (5). Defendant Carrie Massaro also counterclaimed for a violation of section 198 and for unpaid overtime under the Federal Fair Labor Standards Act (FLSA). Insofar as relevant here, Supreme Court denied that part of plaintiffs' motion for summary judgment dismissing the foregoing counterclaims, and it granted that part of defendants' cross motion for summary judgment on the counterclaims under section 195 (1) (a). Plaintiffs now appeal.
Turning first to the Labor Law § 162 (2) counterclaims, we agree with the parties that defendants have no private right of action to enforce that provision (see Hill v City of New York, 136 F Supp 3d 304, 350-351 [ED NY 2015]; see generally Carrier v Salvation Army, 88 NY2d 298, 302 [1996]). The court therefore erred in refusing to dismiss the section 162 (2) counterclaims, and we modify the order accordingly.
We turn next to the Labor Law § 191 (3) counterclaims. Initially, plaintiffs' contention that defendants have no private right of action to enforce section 191 (3) is improperly raised for the first time on appeal (see Alberti v Eastman Kodak Co., 204 AD2d 1022, 1023 [4th Dept 1994]). Plaintiffs' remaining challenge to the section 191 (3) counterclaims, i.e., that no liability exists under that provision because they acted in good faith and because it would be fundamentally unfair to hold them liable under these circumstances, is not a cognizable defense to liability under section 191 (3). The court thus properly refused to dismiss the section 191 (3) [*2]counterclaims.
We turn next to the Labor Law § 195 (1) (a) counterclaims. Initially, plaintiffs' contention that these counterclaims are time-barred is improperly raised for the first time on appeal (see Aly v Abououkal, Inc., 153 AD3d 481, 483 [2d Dept 2017]; Peak Dev., LLC v Construction Exch., 100 AD3d 1394, 1396 [4th Dept 2012]). Similarly, plaintiffs' contention that defendants have no private right of action to enforce section 195 (1) (a) is both "unpreserved for appellate review [and] improperly raised for the first time in [the] reply brief" (Matter of Cascardo, 130 AD3d 822, 823 [2d Dept 2015]). We agree with plaintiffs, however, that the affidavit of plaintiff Mohammed Salahuddin, DDS, Ph.D. raises triable issues of fact regarding their potential entitlement to the affirmative defense provided by section 198 (1-b) (ii). Contrary to defendants' contention, " [a]n unpleaded affirmative defense may be invoked to defeat a motion for summary judgment' " (Scott v Crystal Constr. Corp., 1 AD3d 992, 993 [4th Dept 2003]; see Kapchan v 31 Mt. Hope, LLC, 111 AD3d 530, 530-531 [1st Dept 2013]; Lerwick v Kelsey, 24 AD3d 918, 919 [3d Dept 2005], lv denied 6 NY3d 710 [2006]). Thus, although the court properly refused to dismiss the section 195 (1) (a) counterclaims, the court erred in granting defendants summary judgment on those same counterclaims given plaintiffs' potential entitlement to the affirmative defense under section 198 (1-b) (ii) (see generally Hobart v Schuler, 55 NY2d 1023, 1024 [1982]; Grodsky v Moore, 136 AD3d 865, 865 [2d Dept 2016]). We therefore further modify the order accordingly. Plaintiffs' remaining contention regarding the section 195 (1) (a) counterclaims is academic in light of our determination.
We turn next to the Labor Law § 195 (5) counterclaims. Although the legislature specifically authorized a private right of action to enforce subdivisions (1) and (3) of section 195, it was silent regarding a private right of action to enforce section 195 (5) (see
§ 198 [1-b], [1-d]). Thus, applying the well-established framework for discerning an implied private right of action, we agree with plaintiffs that no private right of action exists to enforce section 195 (5) (see Carrier, 88 NY2d at 304; Varela v Investors Ins. Holding Corp., 81 NY2d 958, 961 [1993], rearg denied 82 NY2d 706 [1993]; Sheehy v Big Flats Community Day, 73 NY2d 629, 634-636 [1989]). The court therefore erred in refusing to dismiss the section 195 (5) counterclaims, and we further modify the order accordingly.
We turn next to Massaro's standalone counterclaim under Labor Law § 198. Section 198 "is not a substantive provision, but [rather] provides for remedies available to a prevailing employee" (Villacorta v Saks Inc., 32 Misc 3d 1203[A], 2011 NY Slip Op 51160[U], *3 [Sup Ct, NY County 2011]; see Gottlieb v Kenneth D. Laub & Co., 82 NY2d 457, 459-465 [1993], rearg denied 83 NY2d 801 [1994]; Simpson v Lakeside Eng'g, P.C., 26 AD3d 882, 883 [4th Dept 2006], lv denied 7 NY3d 704 [2006]). Thus, Massaro's standalone counterclaim under section 198 should have been dismissed (see APF Mgt. Co., LLC v Munn, 151 AD3d 668, 671 [2d Dept 2017]). We therefore further modify the order accordingly.
We turn finally to the counterclaims for slander per se and for unpaid overtime under the FLSA. Defendants' counterclaims for slander per se are replete with triable issues of fact, and the court therefore properly refused to dismiss them (see Stich v Oakdale Dental Ctr., 120 AD2d 794, 796 [3d Dept 1986]). Moreover, given the well-established rule that a " party does not carry its burden in moving for summary judgment by pointing to gaps in its opponent's proof' " (Brady v City of N. Tonawanda, 161 AD3d 1526, 1527 [4th Dept 2018]), the court properly refused to dismiss Massaro's FLSA counterclaim. Lastly, plaintiffs' contention that the FLSA is categorically inapplicable under these circumstances is improperly raised for the first time on appeal (see City of Albany v Central Locating Serv., 228 AD2d 920, 921-922 [3d Dept 1996]).
Entered: July 25, 2018
Mark W. Bennett
Clerk of the Court